## BENNET *vs.* THE TOWN OF CANTERBURY.

Where the town of C paid the expenses of restraining and confining a destitute lunatic, incurred under proceedings instituted on a complaint to a justice of the peace, and founded on the thirteenth section of the statute concerning idiots, lunatics and spendthrifts ; in an action against the lunatic's father, who was of sufficient ability to pay the same, it was held, that said town was liable for such expenses, and therefore, that their payment of the same was not voluntary, and that they might recover.

Where the declaration in such action alleged, that the complainant informed such justice of the peace that said lunatic then was a resident of said town, that it was unsafe for him to go at large, and that he was at large, and from the entire proceedings before the justice, which were set forth in the declaration, it appeared that they were founded on said thirteenth section of the aforesaid act, and the jury returned a verdict in favor of the plaintiffs ; it was held, that such declaration was not insufficient, either on the ground that it did not aver that said lunatic was going at large in said town of C, or because it did not state in terms, under which section of said act such expenses were incurred.

A NEW trial having been refused in the case of *Bennet* v. *The Town of Canterbury,* after a verdict in favor of the plaintiff, (see 22 Conn. R., 623,) the defendant then brought

the present writ of error to this court to reverse the judg-
ment of the superior court, in said cause, on the ground of
the insufficiency of the plaintiff's declaration.   It was averred
in the declaration, that the complaint to the magistrate, in-
forming him that the alleged lunatic was dangerous and
unfit to be without restraint, upon which the proceedings
set forth in said declaration were founded, was brought by
Comfort S. Hyde, of said Canterbury.   The other material
facts in the case are sufficiently stated in the report above
referred to, and in the opinion of the court.

*Foster* and *Tyler*, for the plaintiffs in error, contended,

1. That the declaration was materially and substantially
defective.   First, because it did not allege, nor did it in any
way appear from it, that the expense for which the plaintiff's
action was brought was incurred under the fifteenth section
of the act concerning idiots, lunatics and spendthrifts, or
either of the three next preceding sections of the statute.   And
it is only for expenses thus incurred that relations are liable.

2. That the declaration is bad, for uncertainty in two par-
ticulars, to wit: as to the place where the lunatic was at
large, and in relation to the town where he belonged; for it
contains no allegations as to either.   The materiality of
such allegations will appear from the phraseology of the
statute, sections 13 and 15.   Thus, by the provisions of the
act, complaint is to be made " to a selectman of the town
where the lunatic shall go at large, and if proceedings are
not had within three days, then complaint may be made, in
writing, under oath, to any justice of the peace in such
town."   A valid complaint cannot be made to any justice
out of such town, and therefore the record must show that,
which can alone confer jurisdiction.

That the person against whom proceedings are had under
this statute belongs to a town, is all that renders such town
liable for expenses incurred, and the declaration must con-
tain an allegation to that effect, or no evidence can be
received, as to where the person belongs, and if such evidence

is wanting, no liability can be fixed on any town. Every presumption is against the pleader. For it is to be presumed that every person states his case as favorably to himself as possible. 1 Sw. Dig., 617. Co. Lit., 303.

3. That the declaration shows the money sought to be recovered, to have been paid voluntarily by said town of Canterbury, and without any obligation on the plaintiffs to pay the same.

There are three sources whence any sum of money expended under the 12th, 13th, 14th and 15th sections of this statute may be recovered, by those who have incurred the expense. But it is not optional with them upon which of those sources they draw primarily; the statute has regulated that, and as follows, to wit: first, upon the estate of the lunatic, secondly, upon his relations, and finally, upon the town where he belongs. Nor does the statute contemplate the town where the proceedings take place, unless the lunatic belongs there, as liable at all, much less does it contemplate such town as standing between those incurring expense and those bound to remunerate.

*Welch* and *E. Carpenter*, for the defendant in error, contended,

1. That it was apparent, from a comparison of the provisions of the statute with the declaration, that no averment necessary to be proved, to entitle the plaintiff to recover, had been omitted.

2. That, if it is not averred in direct terms, that the lunatic was a resident of the town of Canterbury and at large in that town, these facts are fairly inferable from the language used, and therefore, the judgment will not be reversed. At most, there is only a defective statement of facts, and not an omission of any material allegation. 5 Conn. R., 522. Chit. Pl., 412. Sw. Dig., 777.

3. That if the claim of the plaintiff in error is admitted, the defect relied upon is cured by verdict. 7 T. R., 518. 4 Mass. R., 265. Sw. Dig., 778. 5 Conn. R., 425. 6 Conn. R., 177. 16 Conn. R., 579.

4. That it was not necessary that it should appear from the declaration, that the lunatic was a settled inhabitant of the town of Canterbury. Neither the phraseology, nor the spirit of the act, require this.

5. That the expenses incurred by the defendants in error, were in obedience to the requirements of a general public law, and in the discharge of a duty imposed on them by the act in question.

6. That it was not necessary to aver, that the expenses incurred by the town were incurred under any particular section of the act in question. It is sufficient, that the action is founded on that act, and that it is within any of its provisions. It would be a novelty in pleading, to name the section. The provisions of the statute extend to insane persons, whether found in the town where they belong, or elsewhere.

HINMAN, J. This case came before us last year, on a motion for a new trial, and was dismissed, on the ground, that all the objections to the right of the town to recover appear upon the face of the declaration, and could only be taken advantage of, by motion in arrest, or writ of error. See 22 Conn. R., 623. As it now comes before us on a writ of error, it is necessary to look into the declaration, to see whether the plaintiff has any cause of action; and, if so, whether it is stated with sufficient precision to authorize the judgment which has been rendered upon it.

The action is against the father of a lunatic and distracted person, to recover the expenses incurred by the town, in certain proceedings which were had for the purpose of restraining the lunatic from going at large, on the ground that his being suffered to do so was dangerous to the persons and property of others. The proceedings were had under the statute concerning idiots, lunatics and spendthrifts. Rev. Stat., p. 434.

The sections of the statute, which are material, are the 12th, 13th and 15th. By section 12th it is provided, that if

any lunatic or distracted person, who is dangerous and unfit to be without restraint, and may injure others in their persons or estate, shall go at large, it shall be the duty of the civil authority, and selectmen of the town, where such lunatic, or distracted person belongs, or resides, to order him to be confined in some suitable place; and if the person or persons, under whose care such lunatic or distracted person shall be, or who are bound to provide for or support him, shall refuse or neglect to confine him, in such place and manner, as said civil authority and selectmen shall direct, then said civil authority and selectmen shall take proper and effectual means to prevent him from going at large, and for his confinement and support in some suitable place.

Section 13th provides that, whenever any lunatic or distracted person shall go at large in any town in the state, any person may make complaint thereof to any one of the selectmen, or civil authority of said town, and if the selectmen &c. shall not, within three days thereafter, proceed with such lunatic, agreeably to the 12th section, then such person may make complaint to any justice of the peace in such town, informing him that such lunatic is dangerous, and unfit to be without restraint; and thereupon it is made the duty of the justice, to cause the lunatic to be brought before him, and on his finding him to be dangerous, and unfit to be without restraint, he may order him to be confined in some suitable place, for such time as he shall deem proper. The material part of the 15th section, so far as this case is concerned, provides that the expenses, incurred under the sections alluded to, and also under another section of the same act, shall be paid out of the estate of such lunatic, if he has any; if not, by his relations, if he has any of sufficient ability liable by law to support him; if none, by the town to which he belongs.

The proceedings, which were had in respect to this lunatic, were under the 13th section of the statute, and the claim is, that they were not instituted or prosecuted on behalf of the

town, or by any of its officers; and any expenses of the prosecution, which the town may have paid, stand upon the footing of voluntary payments, for which no recovery can be had. In this connection, the plaintiff in error insists that the original proceedings were founded upon the 13th section entirely, and that we must look to that alone to see whether the town, or its officers, as such, had any authority to interfere in them. We think this too narrow a view of the case. We can only give a construction to this section, by comparing it with what precedes, and succeeds it, and by taking into consideration the scope and object of the whole statute. The 12th section makes it the duty of the civil authority and selectmen of the town where a lunatic belongs, or resides, who is dangerous and unfit to be at large, to order him to be confined in some suitable place; and if the persons, under whose care such lunatic may be, neglect to confine him, according to the order, it is then made their duty to take effectual means both for his confinement and support. In doing this, there will necessarily be expenses incurred, and we think it most obvious that the legislature intended that these expenses should, in the first instance, be paid by the town, whose agents the selectmen are, and within whose limits all the members of the board of civil authority reside. But there is the same reason why the expenses, under the 13th section, should be paid by the town, that there is for those incurred under the 12th section. The complaint to the selectmen and civil authority is to enable that board to take the measures provided for, under the preceding section, and it is only on the neglect of any such measures, for three days, that the complaining party can proceed under the 13th section. The proceeding before the single magistrate may fairly enough be viewed as a sort of appeal, from the neglect of duty, by the whole board, under the previous section.

The magistrate, before whom the trial is had, is under no obligation to pay the expenses. There is no reason why the

party complaining should do it, and where the confinement is attended with much expense, as in this case, in the Retreat at Hartford, he might not be able to do it. Besides, the legislature did not intend to provide for the public safety, by authorizing individuals to complain, and, at the same time, throw such a burden upon them, as would be morally certain to deter them from doing it. The object of both sections is the public security against the acts of the insane. The whole public have the same interest in this, and it is most reasonable that it should be at the expense of it. Towns are public corporations, and, as such, are made liable by law, in many ways, to sustain the police of the state within their limits, as a part of their duty in this respect, we do not doubt that the legislature intended they should be at the expense of proceedings like these.

It is said, however, that it does not appear that it was set forth in the original complaint, that the lunatic was going at large in the town of Canterbury, and consequently, it is claimed, that the magistrate had no jurisdiction of the case.

This is a mistake. The declaration states that the complainant informed the justice, that the lunatic then was a resident of said town; that it was unsafe that he should go at large; "and that said Homer Bennet was then at large." It is possible, no doubt, for a man to be a resident of a town, and yet temporarily absent from it; but in a legal sense, a man may well enough be supposed to be where his residence is, at least, until the contrary appears.

The declaration does not state, in terms, under which section of the law the expenses were incurred, and this, it is insisted, was necessary. The whole proceeding before the magistrate, is set forth in the declaration, and from this it appears that it must have been under the 13th section, and, as we have said, that it was rendered necessary in consequence of the neglect of the selectmen and civil authority to proceed under the 12th section; we do not see what more

could be required.   Upon the whole, therefore, we find no error in the judgment of the superior court.

In this opinion the other judges concurred, except CHURCH, C. J., who was not present when the case was argued.

Judgment affirmed.