## THE HYGIENIC ICE COMPANY *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Negligence relied upon as a ground of recovery or as a defense, is of no avail unless it be a proximate cause of the injury.

The negligence of a plaintiff's servant in driving his automobile truck across a street-railway track in front of an approaching trolley-car, does not preclude the plaintiff from recovering damages for injury to the truck resulting from a collision, provided the jury find that the motorman would have avoided the accident had he used due care after becoming aware, or after he should have become aware, of the truck driver's peril; for the motorman's failure in this respect would amount to supervening negligence which

would be regarded as the proximate cause of the collision, and relegate the truck driver's prior negligence to a position of a remote cause only. On the other hand, if the truck driver's subsequent conduct failed to measure up to the standard of reasonable prudence, the situation would be different and a case of concurrent negligence might arise, each party being proximate contributors to the result. Such circumstances, therefore, would furnish questions of fact for the determination of the jury under appropriate instructions from the bench, and the trial court could not properly withdraw such questions from their consideration and order a verdict for the defendant.

Argued October 26th—decided December 17th, 1915.

ACTION to recover damages for injuries to the plaintiff's motor-truck through a collision with a street-railway car of the defendant, which was alleged to have been caused by the negligence of its servants, brought to the Superior Court in New Haven County and tried to the jury before *Burpee, J.;* the court, upon motion of the defendant, directed a verdict in its favor, and from the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

Dixwell Avenue, a main thoroughfare in New Haven, leads easterly from the suburbs into the center of the city. Bassett Street is a side street which crosses it substantially at right angles. Double tracks of the defendant are laid in the middle of Dixwell Avenue. One of the plaintiff's motor-trucks, in the control of its servant, was proceeding easterly along the southerly or right-hand side of Dixwell Avenue, approaching Bassett Street, when the driver turned to the left to cross the tracks of the defendant and enter Bassett Street. When he was proceeding across the tracks and his truck was nearly clear of them, one of the defendant's cars, going westerly, struck the right-hand rear wheel of the truck, and caused the damage which was the subject of the suit. No curve in the street obstructed the vision in either direction at or near the point of accident.

*J. Birney Tuttle*, for the appellant (plaintiff).

*Thomas M. Steele* and *Carroll C. Hincks*, for the appellee (defendant).

PRENTICE, C. J. Clearly there was evidence tending to establish negligence on the part of those in charge of the operation of the defendant's car meriting submission to the jury. There was also evidence worthy of the jury's consideration in support of the defendant's contention that the plaintiff's servant in control of the motor-truck failed to exercise due care when he turned across the defendant's tracks with the car approaching. It may be assumed, for the purposes of this case, without so deciding, that this evidence was so conclusive as to compel a finding that he was so negligent. That, however, did not cover the whole field of inquiry for the trier. It still remained to be determined whether this negligence on the part of the plaintiff's driver was such as entitled it to be regarded as a proximate cause of the accident, thereby defeating the plaintiff's right of recovery, or only a remote cause. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 117, 84 Atl. 301, 524. The answer to this question involved an inquiry into the conduct of the two parties to the affair subsequent to the time the truck driver guided his machine into a place of danger. If the latter thereafter acted with due care, and no negligent conduct on his part complicated the situation or entered into it as a factor, and reasonably prudent conduct on the part of the motorman, after he became, or in the exercise of due care should have become, aware of the peril to which the truck was exposed, would have prevented the collision, his failure to so conduct himself would amount to supervening negligence on his part which would be regarded as the proximate cause of the ac-

cident which resulted, and relegate the truck driver's prior negligence to the position of remote cause only. If, on the other hand, the truck driver's subsequent conduct failed to measure up to the standard of reasonable prudence, the situation would be different, and similar conduct on the part of the motorman might create one of concurrent negligence, both parties, in that event, being proximate contributors to the result. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 120, 84 Atl. 301, 524. Upon these matters the evidence furnished fair questions of fact for the jury to determine under appropriate instructions, and the court could not properly withdraw them from its consideration.

There is error and a new trial is ordered.

In this opinion the other judges concurred.