LOUIS FINE *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, May Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

No issue foreign to the facts in evidence, or in respect to which no evidence has been offered, should be submitted by the court to the jury. The violation of this rule may not in every instance constitute harmful error; but it will if, as in the present case, the improper submission was calculated to prejudice the rights of the appellant.

In an action for personal injuries caused by a collision with a trolley-car on a highway crossing, the trial court after instructing the jury as to negligence and contributory negligence, voluntarily and without any request, told them that notwithstanding the negligence of the plaintiff in placing himself in a dangerous situation, the defendant would be liable if its motorman by the exercise of ordinary care could have avoided hitting the plaintiff but failed to do so; as in that case the accident would be the result of the motorman's negligence as an intervening cause. *Held:*—

1. That there was nothing in the situation as disclosed by the evidence which warranted any reference to the so-called doctrine of the last clear chance or supervening negligence, and that its importation into the case improperly opened a door for the plaintiff's escape

from the consequences of his own negligence, if the jury were satisfied that he had been negligent.

2. That the instruction as given was so vague and general that the jury could have derived no accurate understanding of the rule they were called upon to apply.

The last clear chance or supervening negligence doctrine applies only where the following conditions co-exist: first, the injured party must have already come into a position of peril; second, the injuring party must then or thereafter have become aware, or should in the exercise of ordinary prudence have become aware, not only of the other's peril but also that the latter cannot, or will not, escape therefrom; third, that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and fourth, that he fails to exercise such care.

Argued May 7th—decided May 28th, 1918.

ACTION to recover damages for injuries to the person and property of the plaintiff by a collision on the highway, which was alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Kellogg, J.;* verdict and judgment for the plaintiff for $656, and appeal by the defendant. *Error and new trial ordered.*

*Joseph F. Berry,* for the appellant (defendant).

*Philip Roberts,* with whom was *Royal W. Thompson,* for the appellee (plaintiff).

PRENTICE, C. J. This case was before us upon a former occasion when the plaintiff appealed from a judgment in the defendant's favor, for the reason that a defendant's verdict was directed by the court. *Fine v. Connecticut Co.,* 91 Conn. 327, 99 Atl. 700. We then held that the evidence relating to the issue as to contributory negligence, as well as that respecting the defendant's negligence, was of such a character that the plaintiff was entitled to its submission to the jury,

and accordingly ordered a new trial. Upon the present trial the evidence was passed upon by the jury and adversely to the defendant. It now appeals, saying that the court erred in not setting aside the verdict for the reason that the evidence furnished no reasonable basis for a conclusion that the plaintiff was free from contributory negligence. The evidence submitted upon the present trial does not differ in its essential features from that produced at the first. Of that evidence we said, in passing upon the appeal taken in that case, that it was such as to preclude the trial judge from saying that no conclusion thereon could reasonably be reached by the jury which would exculpate the plaintiff from the charge of negligence contributing to his injuries. We see no occasion to change our views as then expressed.

The court incorporated into its charge the following instruction: "If you should find from the evidence in this case that the plaintiff was negligent in the manner in which he crossed or attempted to cross the tracks and did not use his senses when he ought to have done so, and did not keep a proper lookout for approaching cars, or you find that he was not aware of their approach; and you further find that notwithstanding his negligence, the motorman, after the plaintiff had so placed himself in the dangerous situation, could, by the exercise of ordinary prudence and reasonable care, have avoided hitting him and injuring him with his car, and did not do it, the defendant would be liable; as in that case the accident would be the result of the negligence of the motorman as an intervening cause, after the plaintiff was or ought to have been known by him to be in danger."

The defendant does not complain of this passage as containing an incorrect statement of the law. Its complaint is of the inappropriateness and misleading

character of such or any similar instruction, because of its plainly-implied recognition that there might reasonably be found from the evidence that a situation existed in respect to which the doctrine of supervening negligence was applicable, and might be invoked to the plaintiff's advantage. The burden of its grievance is that in its instruction the court went outside of the case and imported into it an issue which had no place in it, and thereby opened a door for the plaintiff's escape from the consequences of his own negligence which the evidence, in any reasonable view of it, did not permit to be open to him.

The finding is utterly barren of facts attempted to be proved by either party furnishing a reasonable basis for a conclusion that conditions existed enabling the plaintiff to invoke the aid of the doctrine of supervening negligence. It certainly could not be claimed that the defendant, subsequent to the plaintiff's exposure of himself to peril, introduced into the situation a new and independent act of negligence without which the plaintiff would not have been injured. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 119, 84 Atl. 301, 524. Neither is there anything in the facts sought to be established tending to show that the defendant failed to use its best endeavors to avoid a collision subsequent to the time when the plaintiff had come into a position of danger, and the motorman knew, or ought to have known, that the plaintiff either could not reasonably escape therefrom, or apparently would not avail himself of opportunities of escape which were open to him. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 120, 84 Atl. 301, 524; *Hygienic Ice Co.* v. *Connecticut Co.*, 90 Conn. 21, 23, 96 Atl. 152. When, after starting up his horse, he was proceeding on his way to that position, his negligence in so doing, if negligent he was, concurred with that of the defendant

to produce the result which followed. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 122, 84 Atl. 301, 524.

The case, as the parties presented it, was the ordiary one involving the ordinary issues of negligence, contributory negligence, and their concurrence, uncomplicated by unusual conditions existing in some cases which make it necessary to examine the situations there presented in the .light of certain differentiating principles which go to make up the so-called doctrine of the last clear chance or supervening negligence. The plaintiff plainly so regarded it. He offered no evidence to prove that a situation calling for or permitting the application of that doctrine existed, he made—in so far as the record discloses—no claim to that effect, and presented no request to charge upon that subject. Apparently it was due to the voluntary action of the court that the issue of supervening negligence was imported into the case.

It is the duty of the court to submit to the jury no issue foreign to the facts in evidence, or in respect to which no evidence has been offered. *Water Commissioners* v. *Robbins*, 82 Conn. 623, 74 Atl. 938. Such submission, while improper, may not, under all conditions, constitute harmful error. It will, however, if the improper submission is calculated to prejudice the rights of the appellant. *Fourette* v. *Griffin*, 92 Conn. 388, 103 Atl. 123. This is a case of the latter class, so direct was the implication that the evidence was susceptible of a reasonable conclusion therefrom which would justify a verdict against the defendant notwithstanding that the plaintiff was guilty of negligence in attempting to cross the tracks as he did, and so strongly did the plaintiff's injury appeal for relief.

In order that we may not be understood as approving of the portion of the charge recited as embodying a correct exposition of the law, we ought to add a few words

upon that subject. The court manifestly was undertaking to state the law applicable to a limited class of cases, to wit: those in which, after the injured party had come into a position of peril, there was neither the introduction into the situation of a new and independent act of negligence on the part of the injuring party without which the injury would not have been caused, nor the continuance by the party injured of active negligence contributing to produce the result which ensued. An examination of the language used in *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 120, 84 Atl. 301, 524, in dealing with situations of this character, and the somewhat more elaborated statements upon the same subject in *Hygienic Ice Co.* v. *Connecticut Co.*, 90 Conn. 21, 23, 96 Atl. 152, and in *Petrillo* v. *Connecticut Co.*, 92 Conn. 235, 236, 102 Atl. 607, will show that the conditions which entitle an injured party's negligence to be relegated to the position of a remote cause of injuries suffered by him, and the other party's negligence to be regarded as the sole proximate cause of them, are stated too broadly to afford the jury an accurate rule for their guidance. Situations coming within the operation of the principles attempted to be stated by the court are those in which four conditions co-exist, to wit: (1) that the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.

In the instruction given certain of these conditions,

while perhaps not wholly ignored, were left to be inferred rather than clearly stated. Take, for instance, the important matter of the point of time when the defendant's duty would, in the application of the doctrine of the last clear chance, take on a different aspect from that which it had when the situation of peril was in the making, and his negligence assume a new and more intimate relation to the resulting injury than had his previous want of care. That time is determined by two factors, to wit, the creation and existence of a situation of peril into which the injured party has come, and the possession by the other party of knowledge, either actual or constructive, of certain things concerning the injured party's position in respect to that peril. The instruction given, in so far as it may be said to cover this ground, is so vague and general that the jury could hardly have derived an accurate understanding of the rule they were called upon to apply. Furthermore, the test of the defendant's liability appears to have been made dependent, in some measure at least, upon the actual result rather than upon the exercise, or failure to exercise, reasonable care to avoid that result.

There is error and a new trial is ordered.

In this opinion RORABACK, BEACH and SHUMWAY, Js., concurred.

WHEELER, J. I concur in the result, but prefer to place the decision upon the ground that the plaintiff did not, on the evidence, make out a case.