## JOSEPH ROONEY *vs*. NATHAN LEVINSON.

First Judicial District, Hartford, October Term, 1920.
WHEELER, C. J., BEACH, CASE, CURTIS and KEELER, JS.

A verdict will not be set aside if the jury could reasonably have reached the conclusion to which they came.

Where the situation admits of the application of the doctrine of the "last clear chance," its nature should be explained to the jury so that they may comprehend its conditions and adapt them to the evidence presented in the case; for it cannot be assumed that the expressions "last clear chance" and "intervening cause" have a well-defined meaning which is commonly known.

In the present case the evidence showed an automobile, going west, colliding at a street intersection with a motorcycle going south, the owner of each claiming that the other vehicle was being driven at an excessive rate of speed. *Held* that the situation thus disclosed furnished no basis for the application of the last-clear-chance doctrine.

An instruction that unless the jury should find the plaintiff guilty of contributory negligence, their verdict must be for him, necessarily assumes the existence of the defendant's negligence and that it was the proximate cause of the plaintiff's injury; and therefore unless this two-fold conclusion is the only one reasonably open to the jury upon the evidence, the instruction is clearly erroneous.

Submitted on briefs October 5th—decided December 22d, 1920.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* verdict and judgment for the plaintiff for $475, and appeal by the defendant. *Error and new trial ordered.*

*Jacob Schwolsky,* for the appellant (defendant).

*Edward W. Broder* and *Edward J. Myers,* for the appellee (plaintiff).

Rooney v. Levinson.

CURTIS, J. The defendant's motion to set aside the verdict was properly denied. Under the evidence the jury could reasonably have found the issues for the plaintiff.

The plaintiff requested the court to charge the jury as follows: "Unless you find that the plaintiff was guilty of contributory negligence, your verdict should be for the plaintiff." The court charged as requested. This request could not be granted properly, unless the jury, under the evidence, could not reasonably find otherwise than that the defendant was guilty of negligence on one or more of the grounds alleged, and that this was a proximate cause of the collision. Under the evidence it clearly appears that the jury could reasonably have found that the defendant was free from any negligence which was a proximate cause of the injury; and this portion of the charge was therefore erroneous.

The court, at the plaintiff's request, charged the jury as follows: "Again, if you find an act of omission constituting negligence on the part of the plaintiff, the plaintiff is still entitled to a verdict if the defendant's automobile might have been so controlled, by the exercise of reasonable care and prudence on the part of the defendant, as to avoid the injury, for in such a case a failure to exercise such care and prudence on the part of the defendant would be an intervening cause, and the plaintiff's negligence would no longer be a proximate cause, and therefore would not be a bar to the plaintiff's recovery. Again, if you find that the plaintiff was negligent, nevertheless the plaintiff is entitled to a verdict if the defendant had the last clear chance to avoid the accident and did not use reasonable care to avoid it."

These requests were intended to present to the jury the law pertinent to the case in relation to what is

known as "the last-clear-chance doctrine." If, under the evidence presented, this case was a proper one in which to present the "last-clear-chance doctrine" to the jury, the court should not have assumed that the expressions "last clear chance" and "intervening cause" have such a well-defined meaning in common knowledge that a jury can comprehend and apply them to the evidence presented in a case. The court should apply such terms to the situation presented by the evidence, by informing the jury, in substance, that negligence on the plaintiff's part which brings him into a place of peril will only be obviated by the negligence of the defendant where the jury finds: (1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care, to save the other from harm; and (4) that he fails to exercise such care. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 103 Atl. 901.

The instructions given state, in substance, as the foundation for the application of the "last-clear-chance doctrine," (1) some act or omission on the part of the plaintiff negligent under the surrounding circumstances; (2) that the defendant's automobile might have been so controlled by the exercise of reasonable care and prudence on the part of the defendant as to avoid the injury; and (3) that such failure to exercise reasonable care by the defendant would be an intervening cause and the only proximate cause of the injury. This instruction is erroneous in that it fails to

Rooney *v.* Levinson.

present the four conditions the existence of which was essential to make the application of the last-clear-chance doctrine allowable. The jury could not have understood from this instruction that if they found that the plaintiff's own negligence materially contributed to his injuries, they could find that his negligence would not bar his recovery only in case they found (1) that after the plaintiff's negligence had placed him in a position of peril, (2) the defendant then or thereafter knew, or by the exercise of ordinary prudence ought to have known, not only that fact but also that the plaintiff either reasonably could not escape from the peril or apparently would not avail himself of opportunities open to him to escape; (3) that the defendant subsequent to such knowledge had the opportunity by the exercise of reasonable care to save the plaintiff from harm, and (4) that he failed to exercise such care.

Under the evidence, which presents a case of a moving automobile going westerly coming into collision with a moving motorcycle going southerly, with the claim upon the part of the owner of each that the other vehicle was being driven at an excessive rate of speed, there was an obvious absence of conditions which would make the "last-clear-chance doctrine" applicable. The reasons we gave in *Fine* v. *Connecticut Co.*, 92 Conn. 626, 103 Atl. 901, for finding error in a charge in relation to "the last-clear-chance doctrine" in that case, are equally pertinent here.

As to the fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error in relation to the charge, the court either correctly charged the jury as to the subject-matter of the requests and charge, or properly refused the requests. As to the two assignments of error in relation to rulings upon the admission of evidence, they are obviously not well taken. These

matters are not of such general interest as to call for a discussion.

There is error and new trial is ordered.

In this opinion the other judges concurred.