CATHERINE BIEDRZICKI, ADMINISTRATRIX, *vs.* JOSEPH M. O'KEEFE.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

Where the doctrine of the last-clear-chance was not applicable to the evidence offered by either party and where the trial court, in complying with the plaintiff's request to charge upon the point, omitted the second of the conditions essential to its existence, the verdict for the plaintiff should have been set aside.

Argued October 27th—decided December 16th, 1926.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $3,500, and appeal by the defendant. *Error and new trial ordered.*

*William L. Hadden,* with whom, on the brief, was *David E. FitzGerald,* for the appellant (defendant).

*Avery Tompkins,* with whom, on the brief, was *Robert J. Woodruff,* for the appellee (plaintiff).

PER CURIAM. The jury might reasonably have found that the injuries from which the plaintiff's decedent, a boy, died, were caused by the defendant's negligence in driving his automobile upon the boy while he was crossing a highway. Only two assignments of error merit consideration. They relate to the same subject-matter. At the conclusion of the charge plaintiff's attorney requested the court to charge the jury in accordance with his requests one and thirteen, upon the last-clear-chance principle. T⠅ ⠅t re-

sponded: "Well, it has rather a remote relation I think to the evidence from either side, but, however, it is no doubt the law, at least the thirteenth," and thereupon read this request. Neither party offered evidence to prove facts which would make this principle applicable. Further, these requests did not accord with our rule of law, neither did the charge made in explanation of the request read, in that it omitted the second of the conditions necessary to bring a situation within the operation of the last-clear-chance principle, viz., that the defendant became, or in the exercise of ordinary prudence ought to have become aware, not only of the position of peril of this boy, but also that he either reasonably could not escape from it or apparently would not avail himself of opportunities open to him for so doing. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 631, 103 Atl. 901; *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 84 Atl. 301, 524.

There is error and a new trial is ordered.