PETER ANNES, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

If the facts alleged and claimed to have been proved warrant the application of the principle of supervening negligence, it is the duty of the trial court, upon request by the plaintiff, to explain the doctrine in its charge to the jury.

The plaintiff offered evidence to prove that as his intestate reached a point between the eastbound and westbound tracks, the defendant's westbound trolley car came to a stop at a distance of about five feet from him; that he then started to cross the westbound track, the roadway being icy and slippery, and had reached the north rail, when the motorman, who had been watching him but who was in a sitting position and thus unable because of the height of the front window to observe his actions closely or to see more than the top of his head, started the car which struck him causing injuries from which he died. *Held* that these claims of proof involved the doctrine of supervening negligence, since the jury might reasonably have found (a) that the decedent had already come into a position of peril; (b) that the motorman then and thereafter became, or should have become aware not only of that fact but also that the decedent either could not or would not escape from it; (c) that the motorman subsequently could, in the exercise of reasonable care, have

saved the decedent from harm; and (d) that he failed to exercise such care.

Although the trial judge adequately and correctly charged the jury concerning the law of supervening negligence, as requested by the plaintiff, he expressed the opinion that the doctrine was probably not applicable and that the case presented only the usual questions of negligence and contributory negligence; and, when asked by the foreman of the jury, after an hour of deliberation, what verdict should be rendered "in case both parties were found negligent," he replied, in effect, that it should be for the defendant, though again requested by plaintiff's counsel to present the rule of the last clear chance. *Held* that the trial judge erred, since the jury might have understood that the law of supervening negligence had no place in the case.

Argued October 28th—decided December 12th, 1927.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Michael V. Blansfield* and *Herman B. Engelman,* for the appellant (plaintiff).

*Walter E. Monagan* and *Walter F. Torrance,* for the appellee (defendant).

HAINES, J.   The plaintiff's decedent, Nicholas Moni, received fatal injuries while crossing East Main Street in the city of Waterbury shortly after five o'clock in the afternoon of January 18th, 1925.   There are two parallel lines of trolley tracks on this street, one for eastbound and one for westbound trolley cars operated by the defendant, and it was the claim of the plaintiff that the deceased was struck by a westbound car because of the negligence of the defendant's motorman and died within an hour as the result of the impact.

The plaintiff claimed and offered evidence to prove that, before being struck, Moni crossing the Main Street via the crosswalk, had stopped between the two trolley tracks and remained standing there until the car came to a stop within about five feet of him; that he then started across the westbound tracks in a careful manner and in full view of the motorman, and the motorman was watching him as he thus crossed the roadway, which was icy and slippery; that as he had reached the north rail and was about clear of the tracks, the car started and struck him just as he cleared the north rail, and thus caused the injuries which he suffered; that just before the car struck Moni, the motorman had been sitting down, with his hands on the control box, and in that position could see only the top of Moni's head as he glanced out of the window, and thought Moni had gotten across the path of the car; that the right front of the car struck him and he "reeled around on the icy and slippery road with his hands to his side and fell"; that the motorman gave no signal of his intention to start the car or pass Moni; that the rate of speed of the car, under the existing conditions, was unreasonable and dangerous; that the window in the front of the car was of a height greater than that of an average man, and being in a sitting position, the motorman could not see Moni's actions as the car came within four or five feet of him; that if he had been standing he could have had a full view of the man and have seen his actions, as there was plenty of light at this point at the time; that it should have been apparent to the motorman that Moni was about to cross the tracks, and if he had been on his feet and using reasonable care in observation and in the operation of the car, he could have avoided striking Moni after the latter had gone onto the track and was in a position of danger and either would or could

not save himself, and that no act of Moni materially and essentially contributed to his injury and death.

The claims which the defendant offered evidence to prove were that, after Moni had crossed, he stopped by the north rail of the eastbound and not the westbound track and so stopped in a position of safety; and that from this point he suddenly attempted to dash across in front of the car, which was on the westbound track.

The complaint shows an attempt to state a cause of action for negligence, and then, with some recapitulation and further facts, a cause of action for supervening negligence. Though they are somewhat confused, the facts as pleaded could be construed so as to justify a verdict on the latter ground if the proof warranted, and the complaint can be fairly said to cover any want of care on the part of the motorman which might be proved under it, whether negligence or supervening negligence. *Mezzi* v. *Taylor,* 99 Conn. 1, 10, 11, 120 Atl. 871; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 233-235, 132 Atl. 451.

The plaintiff, by the request to charge which appears in the finding, sought to invoke this doctrine of supervening negligence. Though of somewhat doubtful accuracy as a statement of the rule, the request was obviously understood by the court, as was intended by the plaintiff, to be a request to charge the doctrine for the consideration of the jury. It thus became the duty of the court to state the rule to the jury fully and correctly, if the facts pleaded and the evidence before the jury, with the conclusions legitimately drawn therefrom, were such as to warrant the proper application of the rule. Under the pleadings and the evidence which the plaintiff had offered, the jury might legitimately have found (a) that Moni had already come into a position of peril; (b) that

the motorman then and thereafter became, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that Moni either could not escape from it or apparently would not avail himself of opportunities open to him for doing so; (c) that the motorman subsequently had the opportunity, by the exercise of reasonable care, to save Moni from harm; and (d) that he failed to exercise such care. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Petrillo* v. *Connecticut Co.,* 92 Conn. 235, 102 Atl. 607; *Rooney* v. *Levinson,* 95 Conn. 466, 111 Atl. 794; *Hygienic Ice Co.* v. *Connecticut Co.,* 90 Conn. 21, 96 Atl. 152; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 84 Atl. 301, 524.

With the plaintiff's request to charge before it, the court, referring to the doctrine of supervening negligence, said to the jury: "Now, gentlemen, I don't know, I can't say to you that that is involved in this case, although it is claimed to be involved, I observe, so I shall tell you some of the principles governing the last clear chance. It seems to me, and I think you will find, the sole question is was the defendant's driver negligent in what he did, and was the plaintiff's intestate wholly free of contributory negligence which was the proximate cause or one of the things that contributed materially to the injury he received." The court then proceeded to make application of some of the principles of the doctrine to the case in hand, and thereafter stated the rule with accuracy so far as the four elements pointed out in the *Fine* case, *supra,* are concerned. The court followed this with some further applications of the rule to the facts of the case.

On the whole, we deem this to have been an adequate and accurate statement of the rule, ignoring, for the moment, the preliminary observations of the court.

Four of the assignments of error relate directly or indirectly to the presentation of this phase of the case to the jury. After the charge the case was submitted to the jury, and had been under consideration by them for about an hour, when they returned to the court room with a request for further instructions. The foreman said to the court: "In case both parties were found negligent, then what should the verdict be?" The court replied: "You are instructed, gentlemen, if you find both parties are negligent, your verdict should be for the defendant, because if the plaintiff was negligent and his negligence concurred with that of the defendant, your verdict should then be for the defendant. Are there any further instructions?" to which the foreman replied, "Nothing further." At this point counsel for the plaintiff called the court's attention again to the plaintiff's claim as to supervening negligence and suggested that the last statement made by the court might not apply under that doctrine. The court then said to the jury: "Gentlemen, I think I understood your inquiry. If you find that the negligence of the two combined then it cannot be said that it was the negligence alone of the defendant. And under such finding, that the plaintiff was negligent and his negligence contributed to the accident, with the negligence of the defendant, taking into consideration the charge as given you, your verdict should be as I have indicated." To this the foreman responded: "That is what I thought."

It is apparent from the question propounded by the foreman, that the jury was in doubt as to the legal effect of a finding of negligence on the part of both Moni and the motorman. In this dilemma, notwithstanding what the court had already said to the jury, it was plainly incumbent upon the court to give full and adequate instructions to meet all phases of the

situation which the question presented. The jury may have found Moni's conduct was negligent up to the moment he was injured and that this negligence materially and essentially contributed to the injury, together with the negligence of the motorman; or, the jury may have found that it was negligent conduct for Moni to place himself in a position of danger, but that after doing so, the motorman could have seen that Moni could or would not escape from the danger, and that thereafter the motorman had an opportunity by the exercise of reasonable care, to save Moni from harm, and did not do so. Either situation was consistent with the question asked of the court. It was therefore incumbent upon the court to give the jury a rule for their guidance in either aspect of their possible finding. This was not done, though the request was made by counsel in the presence of the jury. The effect of the court's failure to thus refer to the doctrine of supervening negligence upon specific request, at this time, was to virtually withdraw the matter of supervening negligence from the jury's consideration. The jury might reasonably have understood from this and the earlier part of the charge quoted, that they were not to apply the doctrine and so did not give the plaintiff the benefit of the rule in their consideration of the established facts.

We are obliged to hold that the charge upon this phase of the case, taken as a whole, was inadequate and a virtual denial of the plaintiff's right. This conclusion renders it unnecessary to consider other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.