J. LEO REDGATE, ADMINISTRATOR (ESTATE OF WILLIAM COLLINS) *vs.* ROBERT J. DOYLE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5th—decided November 3d, 1937.

*John V. Donnelly,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

BROWN, J. The plaintiff is the administrator of the estate of William Collins, deceased. Upon the trial he offered evidence to prove the following facts: At about 10.30 p.m. on April 28th, 1936, the deceased attempted to cross Water Street in Bridgeport from the east to the west side thereof at a point approximately eighty feet north of the north curb line of South Avenue which enters it from the west. Water Street runs north and south, is forty-two and one-half feet wide, and is a straight roadway for over three hundred feet north of South Avenue and for two hundred and thirty-one feet south of its north curb line. An arc light on the northwest corner of the two streets was lighted. The weather was clear, and the pavement dry. On reaching the point mentioned, the deceased stopped for an instant and then began to cross the street. At the time, the defendant was operating his Ford coach northerly on Water Street at a point more than three hundred feet south of the deceased. There was no other vehicle in the highway, the defendant's headlights illuminated the street a distance of two hundred feet ahead; and he had an unobstructed view of the road before him to the point where the deceased was, and beyond. As the deceased entered upon and traveled out into Water Street, the defendant continued to drive his car toward him at a rapid rate of speed, failed to sound any warning of his approach, failed to retard his speed, change his course, or take any steps to avoid striking the deceased, and failed to observe him, until within four or five feet of him. The deceased was struck when in substantially the middle of the street, by the right front fender of the

defendant's car, and hurled twenty feet, sustaining injuries which caused his death. Brake marks made by the defendant's car began fifty to seventy feet north of South Avenue and extended twenty-eight feet and ten inches.

The appellant relies solely upon claimed errors by the court in charging the jury. The first question so raised is whether the plaintiff upon the above facts which he claimed to have proved, was entitled to a charge upon the doctrine of supervening negligence, which the court refused to give. The parties are in no dispute that the four conditions which must co-exist to render it applicable are as set forth in *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901, and that as applied to the case of a pedestrian crossing a street who is struck by an automobile proceeding therein, the law is that: "Where both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine can have no place in the case." *Correnti* v. *Catino,* 115 Conn. 213, 225, 160 Atl. 892. The situation the court had to consider in framing its charge upon the claims of proof in the finding, was that of the defendant's car proceeding on a straight course near the middle of the street and striking with its right front fender the deceased, who was walking across the street from the defendant's right and was not seen by the defendant until the car was within four or five feet of him. It falls squarely within the principle above quoted. We cannot consider the claim of the plaintiff made in argument that the defendant must have seen the deceased at least ten and possibly as far as thirty feet away, because it is contrary to the claims of proof

made at the trial. The court did not err in refusing to charge upon supervening negligence.

The remaining error assigned relates to these words of the charge: "The plaintiff also claims that the defendant did not recognize the danger in which the plaintiff's decedent was. I charge you that there is no evidence in this case that the defendant saw, or, in the exercise of due care, should have seen the plaintiff's decedent in a position of danger in time to avoid striking him." Had the court so said using the words, "position of danger," in the technical sense of "position of peril," as defined in the doctrine of supervening negligence in *Fine* v. *Connecticut Co.* and *Correnti* v. *Catino,* supra, in connection with a statement and explanation of that doctrine and its application, the words complained of would have made clear the intent of the charge that this doctrine was not applicable in the case, and this, for the reasons already stated, would have been correct. Used without this or other qualification, however, the expression renders the court's assertion too broad to be sustained upon this record. "Position" is defined as "the manner in which anything is placed . . . with reference to other things . . . ; the place where it is or is placed;" and "danger," as "exposure or liability to injury, loss, pain, or other evil; peril; risk; insecurity." Webster's New International Dictionary (Ed. 1932). Thus, referring to a pedestrian crossing a much frequented highway, we said: "He is in a sense in a zone of danger at all times when he is upon the roadway." *Correnti* v. *Catino,* supra, 222. "Position of danger" as used in the charge and reasonably to be understood by the jury meant a place where the deceased was liable to be subjected to risk or injury. It was broad enough to include "threatening or imminent" danger as well as a "situation of actual exposure" to danger, which

we distinguished in *Bujnak* v. *Connecticut Co.*, 94 Conn. 468, 472, 109 Atl. 244. If the deceased had, for example, been standing still, well away from the path of the approaching car, looking at it, and motioning the defendant to pass by in front of him, it might well be said that he was not in a position of danger notwithstanding he was in the highway. This is not true, however, of the situation presented by the plaintiff's claims of proof, that the deceased started to cross the street when the defendant's car was three hundred feet away; that he proceeded across to the point where he was struck at the center of the road; and that meantime the defendant continued toward the deceased at a rapid rate with an unobstructed view of him afforded by the arc light, and by the car's headlights shining two hundred feet ahead. Upon such facts the defendant's opportunity, had he exercised due care, to observe the deceased's apparent danger in time to avoid striking him would be manifest.

Immediately preceding the portion of the charge complained of, the court had recited the plaintiff's claim that the defendant had failed to see and avoid the deceased when in the exercise of due care he should have, and continued: "Again we ask the question, what should have been the conduct of a reasonably prudent man under the circumstances surrounding the defendant, and did the defendant exercise the care that a reasonably prudent man would have exercised under those circumstances." By then continuing: "I charge you that there is no evidence in this case that the defendant saw, or in the exercise of due care, should have seen the plaintiff's decedent in a position of danger in time to avoid striking him," the court in effect withdrew from the jury's consideration this fundamental issue of the defendant's negligence in

failing to see and avoid the deceased, when, as above pointed out, on the plaintiff's claims of proof there was ample to support a finding by the jury that he was negligent in failing to do so.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.