AUGUST SAARELA *v.* ALLEN BROTHERS GARAGE,
INC., ET AL.

MALTBIE; C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued November 16—decided December 6, 1939.

*Arthur M. Comley,* for the appellants (defendants).

*John Keogh, Jr.,* with whom, on the brief, was *John Keogh,* for the appellee (plaintiff).

AVERY, J.   The only claim of error raised upon this appeal arises from the refusal of the trial court to set aside the verdict of the jury in favor of the plaintiff. Two automobiles came into collision while rounding a curve proceeding in opposite directions.   The operator of each automobile claimed that the other operator was on the wrong side of the road, and that this was the cause of the collision between the vehicles.

From the testimony, the jury might reasonably have found these facts: Davis Avenue, in the town of

Greenwich, at the point where the collision occurred, runs in a general easterly and westerly direction. Opposite Bruce Park, there is a broad sweeping curve in the road to the south. The collision occurred approximately at the center of this curve. At that point the road is substantially level but banked, the south edge being fifteen inches higher than the northerly edge. The pavement of the traveled way is twenty feet in width with a shoulder on the north edge of approximately three feet and a curb. Approaching the curve from the east, there is a considerable downgrade. To the west, there is a bridge and the street has a number of sharp curves. On April 29, 1938, at about 5.30 p. m., the plaintiff was driving a Ford station wagon in an easterly direction on the highway and after crossing the bridge was proceeding on his right-hand side, or the south side of the road, driving at a rate of speed of approximately eighteen to twenty miles an hour. On seeing the defendant's car, operated by the defendant's agent, Bucci, approaching at a fast rate of speed from the opposite direction the plaintiff blew his horn, applied his footbrake and turned further to the right. The car owned by the defendant and operated by its agent was traveling in a westerly direction at the speed of thirty-five to forty miles per hour. The defendant's operator observed the plaintiff's car at a distance of approximately one hundred and fifty feet. He did not blow his horn, slacken his speed, or apply his brakes. The defendant's agent had difficulty in holding the car in its place on the road and swerved to his left, colliding with the plaintiff. The bumper of the defendant's car hooked onto the left side of the plaintiff's automobile, twisted it around, and pushed it a car length or so to its left.

The testimony was conflicting. The plaintiff claimed that the collision occurred while he was operating on

the south, or his own right-hand side of the road, and that the defendant's automobile swerved and collided with him. The driver of the defendant's car, on the other hand, asserted that he was driving upon his own right-hand side of the road and that the plaintiff's car turned from its own side onto the side of the defendant, thereby causing the collision. The defendants claim on this appeal that the indisputed physical facts demonstrate that the testimony of the plaintiff as to the point of the collision cannot be true, and that the defendants' version must be accepted. The physical facts claimed are these: After the collision, the defendant's car was on its own right-hand side of the road headed in a general westerly direction. Its right rear wheel was on the north shoulder of the road about two feet from the curb and its right front wheel on the traveled part of the road about one foot from the northerly edge of the pavement. The plaintiff's car, after the collision, was headed across the road at an angle of approximately forty-five degrees. The left front wheel was fourteen feet from the south edge of the traveled way and his right front wheel was ten feet therefrom. His right rear wheel was one foot and three inches from the south edge. The two automobiles were headed toward each other, the left front of each automobile being badly damaged. The hub caps of the two front wheels were lying near the demolished wheels, and broken glass and parts of the broken front wheels and other parts of the automobiles were lying on the north edge of the road, the hood of the defendant's car being twenty-three feet away from the car after the collision. There were no marks on the road indicating where the cars had been prior to the collision, and the only evidence as to the exact place of the collision, outside of the testimony of the witnesses, was the location of the cars on the road, and

of the débris all on the north side of the road and near the cars.

The defendants claimed that these physical facts, shown by photographs taken shortly after the collision, establish beyond cavil the location of the collision, and that the plaintiff's car at that time was on the wrong side of the highway. They contend that the instant case presents one of those rare instances where physical facts resolve an apparent conflict in the evidence by showing that the testimony which created the conflict is either unintentionally or intentionally untrue because in conflict with the indisputable physical facts. *Milynar* v. *Merriman & Son, Inc.,* 114 Conn. 647, 650, 159 Atl. 658; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451. The instant case, however, does not present an occasion for the application of the principle of the Richard case. In this case, after the collision, the right rear wheel of the plaintiff's car was one foot and three inches north of the south edge of the pavement, and the plaintiff had testified that the bumper of the defendant's automobile hooked onto the left side of the plaintiff's car and twisted the car around, pushing it a length or so. The jury might reasonably have found that the position of the cars after the collision was explained by the plaintiff's testimony and might reasonably have concluded from all the evidence that the collision occurred upon the plaintiff's right-hand side of the road as claimed. As the verdict was one which the jury might reasonably have arrived at upon the evidence, the trial court was not in error in refusing to set it aside. *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451.

There is no error.

In this opinion the other judges concurred.