LEOPOLD SCHNIEDER vs. ROBERT O. RAYMOND ET AL.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and SIMPSON, Js.

A master owes to his servant the duty to provide suitable appliances with which to work, and the servant does not assume the risk resulting from a breach of this duty.

Nor does a servant assume the risk arising from a transfer to a more hazardous occupation unless he is instructed as to the special dangers of the new work.

The jury might reasonably have found that after the defendants had employed the plaintiff for a month in a nondangerous occupation, they transferred him to work which required blasting by dynamite, and one of them, who directly supervised the job, gave him an oil-soaked fuse, which extended only eight inches above the top of the hole in which the charge was placed, and when it had apparently failed to ignite, ordered him to hold the torch closer to the fuse. The plaintiff did so, and within a few seconds the lighted fuse caused the dynamite to explode and in consequence he was seriously injured. The jury might also reasonably have found that this method of blasting and the manner of supervision were, under all the circumstances, including the plaintiff's inexperience, dangerous and improper. The jury returned a verdict for the plaintiff, which the trial court set aside. *Held* that the trial court erred, since the jury were justified in concluding that the defendants were, and the plaintiff was not, negligent.

The jury might also reasonably have found that the release, executed by the plaintiff while in the hospital and unable to read, was signed by him in reliance upon the defendant's representations that it was merely to relieve him of his medical expenses, and in ignorance of the fact that it purported to be in full settlement of all claims and demands, and, further, that the small consideration paid for it by the defendants was so grossly disproportionate to the extent of the plaintiff's injuries as to indicate that it was fraudulently obtained. If the jury so found, they were entitled to draw an inference adverse to the defendants upon the main issue of their liability.

Argued January 20th—decided April 11th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negli-

gence, brought to the Superior Court in Fairfield County and tried to the jury before *Marvin, J.;* verdict for the plaintiff for $3,000, which the trial court, upon the defendants' motion, set aside, and from this decision the plaintiff appealed. *Error; cause remanded with direction to render judgment upon the verdict.*

*Nehemiah Candee,* for the appellant (plaintiff).

*John H. Light,* for the appellees (defendants).

WHEELER, C. J. The jury might reasonably have found these facts: The defendant Raymond employed plaintiff to do the cement and stone work on the cellars of two of the houses of himself and Davenport, and after he had worked at this about a month transferred him to work on certain ditches and while at this work it became necessary to do some blasting with dynamite, and while so working he was under the direct supervision of Raymond, who gave him the material for loading the blast hole; upon plaintiff telling him the depth of the hole Raymond cut off the fuse to a length of twenty-four inches which left the fuse only eight inches above the top of the hole. On the afternoon before Raymond soaked the fuse in kerosene oil. On account of the heavy wind the fuse was difficult to light with a match and by Raymond's order plaintiff used a torch with which he lit the fuse, and Raymond, who stood beside him, gave him a tap, saying to him, when the wind blew so hard, "Hold your light closer to the fuse," and plaintiff obeyed, standing close to the fuse. And then Raymond said, "It is all burned away, it looks as though it was out," and then in five or six seconds plaintiff was injured in consequence of the explosion. This method of exploding a charge of dynamite by fuse is

not safe for an inexperienced man without instruction; the use of a battery for blasting is the safe and approved method. If a fuse does not set off the blast within a reasonable time, no examination should be made of the fuse for twelve hours. Soaking the fuse in oil was not a proper method. One supervising a blast should not permit the person touching it off to stand within reaching distance of the fuse under any circumstances; nor should he with a delayed fuse within one or five minutes, order one of his employees to retouch the fuse.

The evidence in behalf of the defendants contradicted practically all of these facts, but none of it reaches the point of creating a belief in the improbability of the evidence offered by the plaintiff. None of it requires us to hold that the jury could not reasonably have reached the conclusion they did upon one or all of the issues of the defendants' negligence,— in changing plaintiff from a nondangerous to a dangerous work without giving him any adequate instruction, in failing to provide proper appliances with which to perform the work, in seeing that only such were used, in failing to furnish proper supervision for the conduct of the work, and in ordering him to carry on the work and to hold the flame from the torch closer to the fuse under conditions which were extremely dangerous. If the jury found the facts in accordance with the evidence offered by the plaintiff, it would follow that the defendants owed a duty to him to provide suitable appliances, which they had not done, *Worth* v. *Dunn,* 98 Conn. 51, 118 Atl. 467; that the plaintiff did not assume the risk from the failure of the defendants to provide suitable appliances, *Belevicze* v. *Platt Bros. & Co.,* 84 Conn. 632, 81 Atl. 339; that he did not assume the risk arising from his transfer to a more hazardous occupation

without being instructed as to the especial dangers of the new work, *Baer* v. *Baird Machine Co.,* 84 Conn, 269, 79 Atl. 673; and that he could not have contemplated and did not assume the risk which arose from instructions to hold the flame of the torch closer to the fuse.

The principal ground relied upon by the trial court in setting the verdict aside was that the plaintiff's own negligence contributed to the injuries he suffered. Whether the plaintiff had acted as a reasonably prudent man in doing this work and in obeying the directions of his master, who was in the immediate supervision of this work, were questions of fact; it cannot be held as matter of law that the plaintiff was negligent, or that his negligence directly and materially contributed to his injuries, since these issues depended on whether he exercised reasonable care under the many varying circumstances of the case. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 21 Atl. 675, 22 id. 544; *Steinert* v. *Whitcomb,* 84 Conn. 262, 79 Atl. 675.

The defendants further support the action of the trial court in setting aside the verdict by their claim to have established their plea that the parties made a settlement and the plaintiff executed a release of all claims and demands. The plaintiff offered evidence tending to prove that he had executed the release while in the hospital suffering from this accident and when unable to read it and in reliance upon the truth of the representations of defendants that it was merely for the purpose of relieving him from paying the doctors and hospital nurses, and in ignorance that it was a release of the defendants from all claims and demands for damage from his injuries. The plaintiff further claimed to have proved that the inadequacy of the consideration for the release, $577, of which only $144 was for wages, was so unconscionable, coupled with the

fact that Raymond knew, when he obtained the release, that plaintiff's eye-sight was seriously impaired and the sight of his right eye wholly destroyed by this accident, as to justify the conclusion that the release was obtained under circumstances constituting fraud in fact. The verdict of the jury can only indicate that they found the release to have been made under the circumstances as claimed by the plaintiff; if they so found, it was their duty to disregard the release as a valid defense. If they so found, it was inevitable that they draw an inference from its making unfavorable to the defendants upon the main question of their liability. The finding of the circumstances surrounding the making of the release were facts within the province of the jury to find and upon the evidence for them, and not for the court.

There is error, and the cause is remanded with direction to the Superior Court to render judgment upon the verdict.

In this opinion the other judges concurred.