ROBERT J. EMMONS, ADMINISTRATOR, (ESTATE OF THOMAS MCCARTHY) *vs.* THE NEW YORK AND STAMFORD RAILWAY COMPANY.
ROBERT J. EMMONS, ADMINISTRATOR, (ESTATE OF EDWARD O'HALLORAN) *vs.* THE NEW YORK AND STAMFORD RAILWAY COMPANY.

Third Judicial District, New Haven, June Term, 1928.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and DICKENSON, Js.

134

Argued June 5th—decided July 16th, 1928.

*Raymond E. Hackett,* for the appellant (defendant).

*William L. Tierney* and *H. Allen Barton,* for the appellee (plaintiff).

DICKENSON, J. The jury might have found that the plaintiffs' intestates were walking in the night season upon the defendant's trolley tracks which adjoined the highway; that the highway was congested with travel; that they continued so to walk until they were struck and killed by the defendant's car, which approached from their rear; that the defendant's motorman operated its car at a high rate of speed, gave no warning of the approach of the car, and failed to see the decedents until ten feet away.

It cannot be said on this state of facts that the decedents were guilty of contributory negligence as a matter of law; *Schneider* v. *Raymond,* 106 Conn. 72, 75, 136 Atl. 874; but the jury might obviously have found them negligent as a matter of fact. Further, the jury might reasonably have found the defendant negligent as alleged. The doctrine of supervening

negligence was therefore a part of the law of the case. *Annes* v. *Connecticut Co.,* 107 Conn. 126, 139 Atl. 511.

As laid down in our jurisdiction, the doctrine of supervening negligence requires the presence of four conditions: (1) that the injured party has already come into a position of peril; (2) that the injuring party then, or thereafter, becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him to do so; (3) that the injuring party subsequently has the opportunity, by the exercise of reasonable care, to save the other from harm; (4) that he fails to exercise such care. *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 235, 132 Atl. 451.

The jury were instructed that this doctrine obtained where, although one party had been negligent, yet, after that act, the other party committed some act of negligence which became the real cause of the accident; and in applying the doctrine the trial court further charged in substance that if plaintiffs' decedents were walking on the trolley tracks in a position of danger, even though negligent in getting there, and the motorman might have yet avoided the injury by the use of reasonable care, his failure to do so would be negligence and would justify a verdict for the plaintiffs.

The instruction as to the theory of this doctrine fails to give the jury any statement as to the first three of these conditions, and in the application of the doctrine the instruction properly gives the first condition but omits the second and third entirely and substitutes for these the general expression of the motorman's duty to be, that after decedents were upon the trolley tracks he "might have avoided the injury

by the use of reasonable care." What the jury determined to be reasonable care in such a situation we cannot tell, since they were without the specific instruction as to what was the motorman's duty under these circumstances.

Under this instruction, too, the defendant was made chargeable with negligence that may have occurred before its operator knew, or ought to have known, not only of the danger of the plaintiffs' decedents but that they could not, or apparently would not, escape from it.

The jury might indeed have found from the evidence that failure on the part of the operator to see the plaintiffs' decedents until he was ten feet away from them was negligence, but the question of whether, had the operator seen the predicament of the plaintiffs' decedents when he should have, he then could, by the exercise of reasonable care, have avoided the collision remains unanswered under the instructions.

The conclusion makes a new trial necessary and we, therefore, do not decide the other questions raised by the appeal, since it does not appear that they will arise in a retrial of the case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.