PHILIP POND, ADMINISTRATOR, *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The plaintiff's intestate was struck by a trolley car of the defendant, receiving injuries from which she later died, while she was waiting to board the car at a regular trolley stopping place on a grade. Although she was in plain view and so near to the track as to be in peril, the motorman did not see her and did not slow down his car or endeavor to stop it. *Held* that in view of the down grade and the speed of the trolley car, the jury could not reasonably have found that the motorman could have stopped the car after he ought to have known that the decedent would not move out of danger; but they could have found that he then ought, in the

Pond v. Connecticut Co.

exercise of reasonable care, to have endeavored to stop his car and to warn her by gong or otherwise, so that she would have become apprised of her danger and have removed herself therefrom, and that thus he could, by the exercise of due care after he ought to have known she was oblivious of danger, have avoided running the car into her; and hence the verdict for the plaintiff might reasonably have been reached by the jury under the last-clear-chance doctrine.

Argued June 10th—decided July 22d, 1921.

ACTION to recover damages for personal injuries resulting in the death of plaintiff's intestate and alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $4,500 damages, and appeal by the defendant. *No error.*

*Harrison T. Sheldon,* for the appellant (defendant).

*Walter J. Walsh,* for the appellee (plaintiff).

PER CURIAM. The evidence certified upon this appeal is substantially that certified upon the first appeal as reported in 95 Conn. 437, 111 Atl. 621, except in one particular, viz., the testimony of the plaintiff's witness Donahue as to the distance in which the car which struck the plaintiff's intestate could have been stopped when traveling at assumed rates of speed. The facts which, upon the former appeal, we said might have been reasonably found by the jury might, by the present jury, have been reasonably found, and need not be repeated here. We said upon the former appeal that the case must be decided upon the application of the so-called last-clear-chance doctrine. The motorman did not see the decedent or other passengers waiting to board his car at a regular stopping place of defendant company, although they were in plain view,

and did not slow down his car, nor intend to, nor endeavor to make a stop at this stopping place. The decedent stood so near the track as to be in peril from the approaching car.

Whether the motorman ought at any time to have known that decedent probably would not move back out of danger, was an inference of fact which the jury might reasonably have made. Whether, thereafter, the motorman had the opportunity, in the exercise of reasonable care, to have saved the decedent from harm, we think was also a question of fact fairly before the jury for their decision. That decision depended upon where the car was when the motorman ought to have known that the decedent was not about to remove herself from peril, and whether, thereafter, by stopping the car, or slowing down its speed, or giving warning, he would have avoided running his car upon the decedent. Since the car could not, upon the evidence, on this grade and at the speed it was traveling, have been stopped in less than three hundred feet, and the motorman, if keeping a lookout, might well have anticipated from that distance that the decedent would have removed herself from this place of danger, the jury could not reasonably have found that the motorman could have stopped the car after he ought to have known that the decedent would not endeavor to remove herself from this place of danger.

But had he been keeping a reasonable lookout, as soon as he ought to have known that the decedent probably would not remove herself from this place of danger, it was his duty to have endeavored to have stopped his car in the most expeditious manner reasonably possible, and to have given the decedent notice of her danger by gong and otherwise. The jury might reasonably have found that by the slowing down of the car and the warning of danger, the decedent would

have been apprised of her dangerous situation, and then have removed herself therefrom, and that thus the motorman could, by the exercise of reasonable care after he knew the decedent was oblivious of her peril, have avoided running his car into her.

There is no error.