FLORENCE MURPHY vs. DUNBAR W. ADAMS.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The failure to observe the approach of an automobile at night does not necessarily establish the negligence of a pedestrian or of one standing in or near the traveled part of a highway; for although one is bound to use his senses to avoid injury, the question of whether reasonable care was exercised or not, is still one of fact for the jury, to be determined by them after a consideration of all the factors involved in the situation.

One standing or walking upon the hardened portion of a road is obviously in a position of greater danger than if standing on the side of the road where motor-vehicles would not be expected to be traveling. In the former situation, one who takes no precautions whatever for his own safety by looking to see whether vehicles

Murphy *v.* Adams.

are approaching, is guilty of negligence which, if materially contributing to his injury, will bar his recovery. This does not mean, however, that one must in such a situation have his eyes fastened upon the road in front of him continuously, but that he is bound to make use of his senses to avoid any danger that may reasonably be anticipated.

In the present case the defendant claimed that the plaintiff was intoxicated at the time of the accident, and requested the trial judge to instruct the jury that she could not recover if, on account of her intoxication, she did not use her senses and faculties in looking out properly for her own safety; and that her condition should also be considered in determining the accuracy and credibility of her testimony relative to her position when struck, and whether her version or that of the defendant was the more reasonable. The jury were told that they must consider the plaintiff's conduct "in the light of all the circumstances," and that she was to be charged with seeing and knowing all things which would have been disclosed by such use of her faculties as a reasonably prudent person would have made; that mere intoxication of the plaintiff would not bar a recovery, and that its importance lay in the fact that it would "strengthen the probability of the defendant's claim that she stepped out in front of his car upon the hardened surface of the highway, without making any use of her senses to avoid the danger to which such a position would expose her." *Held* that the defendant's requests were fairly and correctly covered in the charge thus given.

The jury were informed that any traveler on the highway might assume that other travelers would exercise the due care required of them, and guide his conduct accordingly. *Held* that this rule of law applied to each party in the present action, and was all the plaintiff could reasonably ask.

A violation of the rules of conduct prescribed by statute for the operation of motor-vehicles is actionable negligence, provided it is the proximate cause of injury to one whom the statute was designed to protect.

Argued June 8th—decided October 5th, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in the operation of an automobile, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* verdict and judgment for the plaintiff for $2,500, and appeal by the defendant. *No error.*

*J. Birney Tuttle* and *Charles J. Martin*, for the appellant (defendant).

*Robert J. Woodruff*, for the appellee (plaintiff).

BURPEE, J. The plaintiff claimed to have proved, pursuant to the allegations of her complaint, that she was standing, with reasonable care, on a part of the highway commonly used by foot passengers, and in a place two or three feet outside of the edge of the macadamized part of the road commonly used by vehicles, when she was suddenly struck by a motor-car which the defendant was operating at a speed of about forty miles an hour, without proper headlights and without signal of his approach. On the other side, the defendant claimed to have proved that his headlights were lighted when he first saw the plaintiff, who was then on the side of the highway, about ten or fifteen feet in front of his car and almost in its path; that he was then driving at about twenty miles an hour; that he sounded his horn and turned sharply to his left, and that the plaintiff stepped or lurched toward the middle of the road and was hit by the right-hand side of his car.

The defendant also claimed to have proved that the plaintiff, just before she was struck, made no use of her eyes or senses to observe the approach of the automobile. Assuming that to be a fact, he bases upon it the first, fourth and the twentieth assignments of error, in which he states that the trial court erred in failing to instruct the jury, as requested, that such neglect was contributory negligence as a matter of law and barred a recovery in this action.

But the record discloses that the defendant is not justified in assuming that the plaintiff's conduct was exactly what he claimed to have proved. It appears that the plaintiff claimed to have proved that just before the

accident she had been walking slowly about fifty yards along the side of the highway and two or three feet outside of the macadamized surface, all the time facing and looking in the direction from which the defendant was coming, and that then she was spoken to by a lady sitting with two other persons in an automobile which was on the opposite side of the road; that the plaintiff stopped and, still standing in the same place outside of the macadamized part of the road, turned her face toward the lady who addressed her, spoke a few words to her, and was answered very briefly; and that at that instant she was struck by the defendant's automobile, which came upon her so suddenly that no lights on it were seen nor any signal heard by the plaintiff or by any witness of the accident; and that the plaintiff had stopped and was facing and talking with the lady in the car across the road, not more than a minute of time before the collision. If the jury found these to be the facts, the question whether the plaintiff used reasonable care in such circumstances was one of fact for them to determine under the instructions of the trial court. *Russell* v. *Vergason*, 95 Conn. 431, 436, 111 Atl. 625.

Upon this subject the court instructed them in this manner: "In determining whether the requisite degree of care has been exercised in any given situation by the plaintiff or the defendant, the conduct of each must be judged in the light of all the surrounding circumstances, and of such knowledge as each has of the situation or would have had by the exercise of due care in the use of the senses. The test is the same for the plaintiff and the defendant. Every person is required to use his senses and is charged with seeing and knowing the things that he or she ought to see or know in the exercise of their faculties as a reasonably prudent person. . . . She was bound to make use of her senses so as

to avoid a danger that threatened or that she might reasonably anticipate under all the circumstances."

It is apparent that the most important question to be decided in considering the plaintiff's conduct was where she was when she was struck. The trial court told the jury that unquestionably a person standing or walking on the hardened part of the road was in a position of greater danger than that of a person standing on the side of the road where automobiles would not be expected to be traveling, and it was the duty of a person standing in the more dangerous position to use his senses to avoid being struck; and said: "So, here, if you should find that the plaintiff was standing or walking upon the hardened portion of the post road, and took no precaution whatever for her own safety by looking to see whether any vehicles were approaching, such conduct would be a failure to use her senses, as it was her duty to do, and would be negligence and would bar her recovery if it materially contributed to cause her injury. I do not mean by this that it was her duty to have her eyes fastened upon the road in front of her continuously, nor that it was necessarily negligent for her to turn her face to look across the road to Mrs. Sperry, or back toward the vehicle which she had left; but she was bound to take reasonable precautions for her own safety in such a position, and the failure to take any such precautions would be negligence. As I have said, she was bound to make use of her senses to avoid any danger that she might reasonably anticipate." These instructions were applicable to the circumstances, correct and sufficient in law, and contained the substance of all that was reasonably requested.

The defendant further claimed to have proved that the plaintiff was intoxicated at the time of the accident. He asked the trial court to charge the jury that the plaintiff could not recover if on account of her con-

dition of intoxication she did not use her senses and faculties to look out properly for her safety; and that this condition should be considered also in determining the accuracy of her statements relative to her position when she was struck, and in deciding whether her version of the circumstances or that of the defendant was the more reasonable. With reference to her use of her senses and faculties the trial court, as we have already noted, charged the jury correctly and adequately. It also instructed them to consider her conduct "in the light of all the circumstances," and that she must be charged with seeing and knowing all the things she ought to see and know if she had used her faculties as a reasonably prudent person would. Surely her intoxication, if it were proved to exist, would be one of the circumstances to be considered, and also whether an intoxicated person would use her faculties as a reasonably prudent person would. The trial court further instructed the jury that the mere fact that the plaintiff was intoxicated, if it was a fact, would not prevent her recovery, but that its importance in this case "would be that if true it would strengthen the probability of the defendant's claim that she stepped out upon the hardened surface of the highway in front of the defendant's car, without making any use of her senses to avoid the danger to which such a position would expose her." We think the defendant's requests were fairly and correctly treated in the charge. We find no error in the sixth, seventh, eighth, thirteenth, fourteenth and fifteenth assignments.

There is no merit in the ninth reason of appeal, in which the defendant complains that the trial court refused to charge that "the operator of a motor-vehicle may lawfully assume that a pedestrian on a highway will use his eyes and senses and take precautions for his own safety." It appears that the court, instead of

restricting its instructions to the particular persons specified in the request, informed the jury that any traveler may assume that other travelers will exercise the due care required of them, and guide his conduct accordingly.

In the course of its charge the trial court told the jury that the State regards certain conduct as so liable to injure others as to justify its prohibition by statute, and certain conduct as so necessary for safety as to require by statute its performance; that it was the duty of all persons coming within the provisions of such statutes to obey their prescribed rules of conduct; and that failure to do so was negligence from which, if it was the proximate cause of injury to a person whom the statutes were intended to protect, liability would arise in the absence of contributory negligence. Having explained correctly proximate cause and reasonable care which is the test of negligence and contributory negligence, the court called attention to the averments in the complaint in which are set out the particular acts alleged to have caused the plaintiff's injuries; that is, that the defendant was operating a motor-vehicle on a highway recklessly, at a dangerous rate of speed, without regard to the width, traffic or use of the highway, and in such a manner as to endanger the life and limb of others, and that the motor-vehicle carried no lights by which the driver might have discovered and avoided the plaintiff. Then the court cited the statute (Public Acts of 1921, Chap. 400, § 25) of this State which forbids the operation of a motor-vehicle in such manner, and the statute (Public Acts of 1921, Chap. 400, § 41) which requires that all motor-vehicles shall, when running in the night time, display two lighted headlights; and stated that if the defendant violated either of these statutes, his conduct would be actionable negligence provided it was the proximate cause

of the plaintiff's injuries. This was a correct statement of the law applicable to the facts which the plaintiff claimed to have proved. There was evidence that if the motor-vehicle which the defendant was operating at about ten o'clock in the night was equipped with front lights, they were not seen by any of the four witnesses who saw the car when it struck the plaintiff; and thence it was a rational inference that the car did not display two lights on its forward part, as is required by the statute referred to by the trial court. These parts of the charge were not misleading to the jury nor otherwise harmful to the defendant.

There is no error.

In this opinion the other judges concurred.