KLEMENTY ZENUK, ALIAS CLEM ZENUK, *vs*. DAVID
JOHNSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1931—decided February 23d, 1932.

*Milton Nahum,* with whom, on the brief, was *Julius
Apter,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

AVERY, J.  A verdict was returned by the jury, after the trial of this case, in favor of the defendant, and the plaintiff has appealed, claiming that the court erred in its instructions to the jury, and in a ruling on evidence.

At the trial, the plaintiff offered evidence tending to prove, and claimed to have proved, the following facts: On the morning of September 28th, 1930, shortly after midnight, the plaintiff was leading a large, heavy horse in a northerly direction upon the shoulder of the road on Bloomfield Avenue in the town of Bloomfield. The road runs northerly and southerly, and the traveled part is composed of macadam, black in color, about twenty-five feet in width extending slightly over on the shoulders which are of lighter material and about five feet in width. In the center of the road is a single trolley track about five feet wide. On the west side of the road, there are a series of street lights, each of one hundred and twenty-five watts and three hundred feet apart. For a distance of about five hundred feet south of the point of the accident, the highway runs in a straight line with nothing to obstruct a driver's vision, and there were no obstructions in the road at the time of the accident. The night was clear, the ground dry, and there was no fog. The visibility was good, due to the street lights and the clear night. There was no traffic from either direction at the time of the accident. The defendant was operating a Ford touring car northerly upon this highway, in the same direction as the plaintiff was leading the horse, and was traveling at a fast rate of speed. When the plaintiff saw the defendant approaching, he pulled his horse closer to the extreme right-hand part of the shoulder of the road. The defendant did not see the plaintiff or his horse until he was fifty feet from them. He gave no warning or signal of his approach, and did

not sound his horn. He did not swerve his car after he saw the plaintiff or apply his brakes, and struck the horse at a point on the shoulder of the road. The horse was picked up by the radiator of defendant's car and carried a distance of twenty-five feet, thrown against a pole standing on the shoulder of the road, and instantly killed. The point of collision was approximately one hundred and twenty-five feet south of a street light on the west side of the road, and about one hundred and seventy-five feet north of another street light on the same side. The plaintiff was carrying no light at the time, and claimed he was not intoxicated.

The defendant offered evidence to prove, and claimed that he had proved these facts: He was driving his automobile at a reasonable rate of speed under the circumstances, about thirty-five miles an hour. He had the car under control and was proceeding northerly with the left wheels of the car three feet east of the easterly trolley rail. The plaintiff was dressed in dark clothes, and the horse was dark in color. When the defendant first saw the plaintiff, the latter was about thirty to fifty feet distant, and was walking along the highway in a northerly direction, just east of the easterly trolley rail. He was leading the horse and carried no light. The defendant sounded no horn, but attempted to stop and applied his brakes, and as soon as he could see the plaintiff and horse, swerved to the left, but was too late to avoid them. The right front part of defendant's car struck the horse, lifted him onto the hood, and carried him a distance of twenty feet, when the horse fell to the ground on the macadam portion of the highway, rolled over and scraped the macadam and shoulder with his hoofs before he came to rest, just prior to the time he died. The defendant stopped his car about eight feet north of the point where the horse fell, and its left wheels

were near the easterly trolley rail. The horse was still living when he fell to the pavement and kept on struggling, as a result of which he gradually moved further to the right of the point where he fell. Defendant's car was equipped with headlights of sufficient power, in accordance with the statute, but he did not see the horse or man until the automobile had reached a distance of about fifty feet from them. The defendant claimed, when he saw the plaintiff, the distance was so short that using his best efforts he could not avoid the collision. The defendant further offered evidence tending to show that the plaintiff had been drinking prior to the time of the collision.

Both parties claim to have proved that the headlights upon the automobile conformed to the statutory requirement [General Statutes, § 1598 (c)] which provides: "Whenever there shall not be sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons or objects clearly visible within a distance of at least two hundred feet, the forward lights which a motor vehicle as herein provided is required to display shall, when the vehicle is in motion, throw sufficient light ahead to show any person, vehicle or object upon the roadway straight ahead of such motor vehicle for a distance of at least two hundred feet."

In the complaint are allegations invoking the principle of supervening negligence. In his requests for a charge, the plaintiff asked that the jury be instructed as to the application of this doctrine. We think that the plaintiff was entitled to this instruction in view of the evidence as to the conditions existing at the time of the accident; namely, the straight, clear road; the absence of fog; good visibility, due to atmospheric conditions and the presence of the street lights; and the lights on the automobile conforming with the stat-

utory requirement to "throw sufficient light ahead to show any person, vehicle or object upon the roadway straight ahead of such motor vehicle for a distance of at least two hundred feet." Although the plaintiff was negligent in leading a horse upon the highway at night without a light, in violation of § 1640 of the General Statutes, there was evidence from which the jury might reasonably have reached the conclusion that the defendant should have observed the presence of the plaintiff on the highway, and recognized the latter's peril in time, by the exercise of reasonable care, to save the plaintiff from harm, and that the defendant failed to do so. *Russell* v. *Vergason,* 95 Conn. 431, 434, 111 Atl. 625; *Pond* v. *Connecticut Co.,* 96 Conn. 451, 453, 114 Atl. 532; *Demonde* v. *Targett,* 97 Conn. 59, 61, 115 Atl. 470; *Tullock* v. *Connecticut Co.,* 94 Conn. 201, 207, 108 Atl. 556. Whether the jury concluded that the plaintiff was on the shoulder of the road, as claimed by him, or walking near the center, about three feet from the trolley rail, as claimed by the defendant, in either case a reasonable basis had been established for the existence of the four necessary elements required to bring into application the doctrine of supervening negligence. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Hygienic Ice Co.* v. *Connecticut Co.,* 90 Conn. 21, 23, 96 Atl. 152; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 120, 84 Atl. 301. The court erred in failing to instruct the jury on this phase of the case.

The plaintiff assigns error in the failure of the court to charge the jury upon the effect of plaintiff's intoxication, if such existed, at the time he was struck by defendant's car. In his request, the plaintiff asked the court to charge that "this fact would not, however, of itself, even if it were true, indicate that plaintiff was guilty of any contributory negligence." Such an

instruction would have been improper, and the court did not err in failing to give it. The effects of intoxication were discussed by us in *Murphy* v. *Adams,* 99 Conn. 632, 637, 122 Atl. 398. In that case, we said: "Intoxication, if it were proved to exist, would be one of the circumstances to be considered, and also whether an intoxicated person would use [his] faculties as a reasonably prudent person would." Intoxication, if it were a fact, would not prevent recovery but its importance would lie in strengthening the probability that the plaintiff did not use his faculties as a reasonably prudent person would use them under the circumstances. The court committed no error in refusing to instruct the jury as requested by the plaintiff upon this subject.

At the trial, the plaintiff offered in evidence a certified copy of a judgment of the Town Court of Bloomfield, wherein it appeared that the defendant, on September 28th, 1930, was charged in that court with unlawfully "violating the Rules of the Road, Section 26, Chapter 297, Public Acts 1929," to which information the defendant plead guilty and was fined $10. This judgment was objected to by the attorney for the defendant, and ruled out by the trial court. While it is not stated in the finding, it may fairly be assumed that the criminal prosecution grew out of the accident involved in this action. It was claimed upon the ground that the plea of guilty was an admission on the part of the defendant. By reference to the statute in question, it appears that there are at least ten specific rules of conduct prescribed therein. Under the general nature of the information, charging simply a violation of that statute, the jury certainly could not determine, from the judgment offered, what particular rule of the road the defendant had pleaded guilty of violating. The plea could not then be said to be an

admission of any negligence involved in this action. The trial court did not err in sustaining the objection to the admission in evidence of the certified copy of the judgment of the Town Court of Bloomfield. *Grasso* v. *Frattolillo,* 111 Conn. 209, 212, 149 Atl. 838.

There is error and a new trial is ordered.

In this opinion the other judges concurred.