## McMichael, Appellant, *v.* Pennsylvania Railroad Company.

Argued May 11, 1938. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Frank Fogel,* for appellant.

*Theodore Voorhees,* with him *Philip Price* and *Barnes, Biddle & Myers,* for appellee.

Opinion by Mr. Justice Barnes, June 30, 1938:

The plaintiff instituted this action to recover damages for injuries sustained on October 22, 1935, at about

5:30 o'clock p. m., when he was struck by a freight train of the defendant company. The accident happened upon what is known as the Belmont Branch of defendant company, at a point about one hundred feet north of Lansdowne Drive, in Fairmount Park, Philadelphia.

The plaintiff avers in his statement that the defendant's freight train ran into him while he was upon its tracks in a "helpless condition," and that as the result of the injuries received he has permanently lost the use of his left arm. It appears from the testimony that the plaintiff's "helpless condition" was due to the fact that he was intoxicated, as a result of prolonged and excessive drinking on that day.

At the conclusion of the plaintiff's case, the trial judge granted the defendant's motion for a nonsuit. The plaintiff has appealed from the refusal of the court below to take off the nonsuit so entered.

The plaintiff and a friend by the name of Cunningham began their indulgence in intoxicants early in the morning of the accident. Around 4 o'clock p. m. of that day, together with two other men, they entered upon defendant's right-of-way a short distance from the place of the accident, and there they elected to sit upon the rails and to drink whiskey from a bottle which the plaintiff passed to them. After remaining in this position for a short time they arose and walked south along the tracks, stopping occasionally to take a drink, until they reached a point about one hundred feet north of Lansdowne Drive. Here their two companions left plaintiff and Cunningham upon the tracks.

Just prior to the accident, the plaintiff was sitting on the inside rail of the south-bound tracks, facing the West River Drive in Fairmount Park. His friend was seated upon the rail beside him and to his right. The plaintiff testified that he noticed a train of freight cars about one hundred feet away. At first he was unaware that the train was approaching, for so slow was its prog-

ress that he mistook the moving train for standing freight cars. When he realized that the train was almost upon him, he managed to push his friend to safety, then (to use his own words) he "tried to get up and couldn't." His next recollection was "waking up in Lankenau Hospital."

Cunningham, called as a witness, failed to remember how the accident happened. Plaintiff's testimony is likewise unsatisfactory. He contends, however, that the act of the defendant in running him down when he was helpless and in plain view upon the tracks, was wilful and wanton negligence.

In view of the plaintiff's admitted condition of intoxication at the time he was struck, it is clear that his own contributory negligence bars his right to recovery. Voluntary intoxication does not justify a failure to exercise due care. The degree of care required of a person who becomes intoxicated does not differ from that required of a sober person. It is well settled that an intoxicated person who fails to exercise proper care and caution is guilty of negligence, if such failure contributes to the accident: *Mooney v. Pa. R. R. Co.,* 203 Pa. 222; *Glancy v. McKees Rocks Borough,* 243 Pa. 216.

The plaintiff in this case of his own accord selected a hazardous position upon the defendant company's tracks for the purpose of drinking and talking with his companions. It is manifest that the cause of the accident was the plaintiff's inability to extricate himself from that position of peril when danger approached. If he had been able to remove himself from the tracks when he attempted to do so, he would not have been struck by the defendant's freight train. That he was unable to step to safety, is attributable to his excessive use of alcohol that day, and not to any want of care or vigilance on the part of the defendant company. What was said in *Mooney v. Pa. R. R. Co.,* supra, in denying recovery to a person who was injured while intoxicated, is here very appropriate (p. 223): "Unless we hold that the defend-

ant company is responsible for the effect on the plaintiff of the 'York State cider' and Nanticoke gin consumed by him on the day of the accident, we must sustain this nonsuit. They, and not the negligence of the defendant, were the cause of his injuries."

We find no error that would justify a reversal. Under the facts of this case the nonsuit was properly entered.

The order of the court below is affirmed.