## HADLEY v. BALTIMORE & O. R. CO.
### No. 7488.

Circuit Court of Appeals, Third Circuit.
June 12, 1941.

John J. McGrath, of Pittsburgh, Pa., for appellant.

S. C. Pugliese, of Pittsburgh, Pa. (John E. Evans, Sr., and Margiotti, Evans & Pugliese, all of Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, CLARK, and JONES, Circuit Judges.

JONES, Circuit Judge.

The plaintiff seeks to hold the defendant responsible in damages for personal injuries which he claims were suffered through the negligence of the defendant. The one question here involved is whether the trial court erred in admitting proof by the defendant of the plaintiff's habitual tendency, when under the influence of alcohol, to fall down and to remain where he fell until removed or assisted by others. Wholly independent of this testimony, it appeared from evidence, which was both direct and substantial, that the plaintiff was intoxicated at the time he received his injury.

The jury returned a verdict for the defendant. Thereupon the plaintiff filed a motion for a new trial alleging error in the trial court's admission of the testimony with respect to the plaintiff's tendency to fall down when intoxicated. The trial court refused the motion and denied the plaintiff a new trial. The pending appeal ensued. Upon a review of the trial court's action in respect of the plaintiff's motion, we are bound, because of the jury's verdict for the defendant, to take the facts in the case, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the defendant. Our inquiry is whether the evidence of which the plaintiff complains was legally admissible.

It was necessary for the jury to determine from the evidence in the case whether the plaintiff received his injury (the severance of his left leg) while crossing the tracks of the defendant company at a permissive crossing or whether he was injured while lying intoxicated alongside the track on which the defendant's train was proceeding. Such was the basic issue in the case.

The plaintiff's intoxication at the time of the accident was testified to by two municipal police officers who removed him from the scene of the accident to the hospital. They also testified to finding an almost empty bottle containing moonshine whiskey lying under the plaintiff when they lifted him up from the place where he lay. The surgeon at the hospital to which the policemen took the plaintiff testified that he was under the influence of alcohol when received there. The plaintiff gave an exculpating version as to how he happened to partake of alcoholic liquor that night (the accident occurred about 2 A. M.), but the jury's verdict renders the explanation presently immaterial. It is sufficient to say that the jury very evidently disbelieved the plaintiff, which is quite understandable in the light of the testimony.

With the plaintiff's intoxicated condition at the time of the accident thus independently shown by direct and substantial evidence, the learned trial judge permitted the defendant to prove (as revealing of the plaintiff's conduct when intoxicated) that it was the plaintiff's habit to drink to a state of intoxication where he would stagger, fall down and remain prostrate. This was shown by the two police officers who testified that they had picked up the plaintiff in a drunken condition on many prior occasions over a period of years and from many places in the locality; and that he had been "helpless", "staggering" or "lying on the bank drunk", that is, on the river bank adjacent to the place of the accident. The one officer said that during the ten years he drove the local patrol wagon he had picked up the plaintiff at least once a week upon finding him drunk and often lying about. In short, the testimony was quite sufficient to prove the plaintiff's tendency to fall down from intoxication.

The plaintiff complains that the testimony served to inject evidence of reputation which was not germane. It was not received, however, as tending to prove that the plaintiff was drunk at the time of the accident. That fact, as we have already pointed out, was otherwise fully established. The testimony was admitted to show the customary effect of the plaintiff's indulgence in alcoholic liquors and its purpose was properly defined by the learned trial judge in his charge to the jury when he said,—"The defendant has also introduced testimony which tends to establish, as it claims, that this plaintiff was not crossing the tracks, as claimed by him, but

was intoxicated and was lying upon the tracks in an intoxicated condition. As confirming that fact, they have introduced testimony showing the prior habits or custom of this plaintiff to drink to that stage of intoxication where he either staggered or even fell down by reason of that fact. And it is their theory that the plaintiff on this night in question was intoxicated and had so fallen upon the tracks."

Evidence as to the reaction or effect of certain stimuli upon persons or things may be introduced when material to an issue. In so far, however, as such evidence is adduced from non-experts, only those are competent to testify who have observed firsthand the manifested reactions or conduct of the person or thing under inquiry, when so stimulated. Such testimony is in no way related to, nor does it involve, any question of reputation. See opinion of Justice Gibson in Brindle v. McIlvaine, 10 Serg. & R., Pa., 282, at pages 285, 286.

It is not questioned that the evidence as to the plaintiff's intoxication at the time of the accident was properly admissible. Such evidence was directly material to the jury's determination of the degree of care which the plaintiff in his drunken condition could be deemed to have exercised even though he was struck while crossing the tracks as he testified. The standard of care required of him did not vary because he happened to be drunk at the time. McMichael v. Pennsylvania Railroad Co., 331 Pa. 584, 586, 1 A.2d 242. Since the evidence of the plaintiff's intoxication at the time of the accident was both material and proper, was it not also proper for .the defendant to show what effect intoxication ordinarily had upon the plaintiff? To admit merely the testimony that he was drunk would be to receive but part of the story and would leave the jury without facts which were material to the issue. Professor Wigmore has said that "All facts having rational probative value are admissible unless some specific rule forbids." Wigmore on Evidence, 3rd Ed., § 10; see Thayer, Presumptions and the Law of Evidence, 3 Harvard Law Review 143.

The plaintiff has not only failed to point to a rule which would require the exclusion of the testimony in question but there is eminent authority for the proposition that "the specific tendency of a drug, poison, disease, food or other substance, [may be indicated] by the corporal symptoms or effects in other like situations, either on animals or on human beings; in particular, the intoxicating tendency of a liquor, by its effects upon others partaking it." Wigmore on Evidence, 3rd Ed., § 457, pp. 469–471. A fortiori, the observed reactions should be admissible when they are peculiarly those of the particular individual involved in the inquiry. Furthermore, the testimony qualified as relevant and material under the general rule that "The fact that a given result recurs continually or frequently while but one cause remains constant, is strong proof that such cause produces the result in question * * *". Henry, Pennsylvania Trial Evidence, 3rd Ed., § 33. This rule is not limited in its application to the inanimate or brute animal. The same principle of cause and effect may be used to derive an inference that human conduct has fallen short of required standards. See Pullman Car Co. v. Gardner, 3 Pennypacker, Pa., 78, 84.

Ample proof being present that the plaintiff was intoxicated, competent testimony as to his usual and customary reactions while in that condition was relevant and material to the issue whether he had fallen down and was lying beside the tracks. Cf. Warren v. Commonwealth, 37 Pa. 45, 56, 57. It was therefore proper for the trial court to receive the testimony in evidence. The trial was without error and the court rightly accepted the jury's verdict as dispositive of the case.

The judgment of the District Court is affirmed.