ANTHONY KUPCHUNOS, ADMINISTRATOR (ESTATE OF PETER KUPCHUNOS) *v.* THE CONNECTICUT COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 10, 1942.

*James W. Carpenter,* for the appellants (defendants).

*Joseph P. Cooney,* with whom, on the brief, was *Alfred F. Wechsler,* for the appellee (plaintiff).

AVERY, J.   On September 19, 1941, Peter Kupchunos, the plaintiff's intestate, at about 12:30 in the morning, on the highway leading from Rockville to Manchester, was struck and killed by the named defendant's bus operated by the defendant driver.   This action was brought by his administrator claiming that his death was caused by the negligence of the defendant driver. The case was tried to the jury and a verdict rendered for the plaintiff from which the defendants have appealed.   The only ground of error claimed on the appeal is the refusal of the trial court to grant the defendants' motion to set aside the verdict of the jury, the defendants' claim being that upon the whole record no negligence of the defendant driver was shown and the plaintiff's intestate was guilty of contributory negligence as a matter of law.

Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found these facts: The highway from Rockville to Manchester, at the place of the collision, runs in a general direction of east and west and consists of two lanes of concrete each ten feet wide with black hard surface shoulders four to eight feet wide and an eight-foot embankment to the north.   The plaintiff's intestate was proceeding westerly towards Manchester, walking near the right hand edge of the northerly lane of

concrete. The defendants' bus was proceeding in the same direction. There is an underpass approximately four hundred feet east, and to the west of the underpass there is a very sharp right hand curve. The place of the accident was approximately at the westerly end of this curve. At a point about eighty or one hundred feet west of the underpass, the defendant driver met a car proceeding in the opposite direction, and as he came towards that car he put his light on the low beam, did not reduce his speed and did not see the plaintiff's intestate until about ten or fifteen feet away from him. The speed of the bus was then thirty-five miles an hour. On seeing the plaintiff's intestate, the defendant driver pulled to the left but at no time did the bus cross the center line of the highway. At that time there was no traffic in the opposite direction to prevent turning farther to the left. A passenger, sitting just behind the driver, saw the plaintiff's intestate at a distance of thirty-five feet before he was struck. The defendant driver did not actually apply his brakes until after the collision. After the collision, the right front headlight of the bus was pushed in and there was a dent below it. The post to which the front door was attached was bent back and the door could not be opened. The body of the plaintiff's intestate was lying on the north shoulder of the road with the head on the bank towards Hartford. As the bus was rounding the curve, the illumination from the headlights was to the left. With the lights on the high beam, the operator of the bus could see persons in the highway farther away. From the evidence, the jury might reasonably have concluded that the operator was negligent in rounding a very sharp curve at an excessive rate of speed, under the circumstances, and in failing to keep a proper lookout for pedestrians.

There was testimony that just before the collision

the plaintiff's intestate was observed to be staggering, and there was other evidence from which the defendants claimed that the jury could have inferred that he was intoxicated. Whether or not he was intoxicated at the time of the collision was upon the evidence a question of fact to be determined by the jury. Even if they found he was intoxicated, that would not constitute contributory negligence as matter of law. *Zenuk* v. *Johnson,* 114 Conn. 383, 388, 158 Atl. 910; *Murphy* v. *Adams,* 99 Conn. 632, 637, 122 Atl. 398. To paraphrase the charge which was approved in the latter case (p. 637), the mere fact that the plaintiff's intestate was intoxicated, if it was a fact, would not prevent recovery but its importance in the case would be that if true it would strengthen the probability of the defendants' claim that he staggered out in front of the defendants' bus without making any use of his senses to avoid the danger to which such a position would expose him. The defendants in their answer set up contributory negligence as a special defense and the burden was upon them to establish it. Considering the evidence as to the place upon the highway where the plaintiff's intestate was struck and as to what he was doing, and, also, what was done by the defendant driver immediately before the collision, we cannot say as a matter of law that the jury could not reasonably have concluded that the defendants had failed to establish their affirmative defense of contributory negligence.

There is no error.

In this opinion the other judges concurred.