## Kohl v. Pennsylvania Railroad Co.

Before Smart, Weiss and Van der Voort, JJ.

*Evans, Ivory & Evans*, for plaintiffs.
*Pringle, Bredin & Martin*, for defendant.
*J. King Evans*, for additional defendant.

SMART, J., January 20, 1960.—Plaintiff, Paul Kohl, brought this action to recover damages for personal injuries sustained when the automobile in which he was a passenger was struck at a grade crossing by defendant's train. The driver and owner of the automobile, Wolfgang Randecker, joined in the action seeking damages for the destruction of the car and was subsequently joined as an additional defendant by defendant railroad. At the close of plaintiffs' case on liability, the writer of this opinion granted both of defendants' motions for a compulsory nonsuit on the

ground that plaintiff, Paul Kohl, was so intoxicated and sleepy that he was unable to get out of the car and escape injury and, therefore, contributorily negligent. This case is now before us on plaintiff's motion to remove the compulsory nonsuit.

At the trial, plaintiff read into the record certain interrogatories and called Mr. Randecker as a witness. Based on the present state of the record, it was shown that on January 26, 1956, Mr. Kohl, Mr. Randecker and two other men spent most of the day in various drinking establishments consuming a quantity of alcoholic beverages. Around midnight they left the last tavern and Mr. Kohl, who had been drinking, got into the back seat of the automobile and went to sleep. Mr. Randecker then drove the other two men to their respective homes. Upon arriving at plaintiff's residence, Mr. Randecker attempted to awaken Mr. Kohl but, being unable to do so, he decided to drive to his own residence. Mr. Randecker on his arrival at his own home then changed his mind and decided it would be unwise to follow his original plan of allowing Mr. Kohl to "sleep it off" in the car and started to return to Kohl's residence.

En route, at approximately 2:40 a.m., Randecker drove the automobile onto defendant's railroad crossing in Carnegie. Mr. Randecker testified that when he approached the crossing no train was in sight, no warning signals were operating and the gates were up. At this crossing there is a set of five tracks which run in a general east and west direction. Reading from north to south, the tracks are numbered 4, 3, 2 and 1. The southerly-most track is merely a spur, and it is not numbered. There are warning signs and signals and movable crossing gates at both the north and south sides of the crossing. There is also a tower located on the northerly side of the crossing. The

crossing is well lighted, and there is a long view of it in both an easterly and westerly direction.

Randecker further testified that he proceeded onto tracks 4 and 3 when his car stalled. He attempted to start the car but was unable to do so. He remained in this position, attempting to start the car for about four or five minutes, when suddenly the warning signals at both ends of the crossing started to operate and defendant's tower man lowered the crossing gate on the northerly side behind the automobile, leaving the gate on the southerly side of the crossing up. Mr. Randecker testified that defendant's tower man leaned out of the window of the tower and shouted to him to get the car off the crossing and motioned with his arm for him to drive the car ahead in a southerly direction. Using the starter-motor, he was able to run the car off of tracks 4 and 3 and onto 2 and 1 where the battery went dead and the car stopped.

At this point, Randecker testified he could see the light of defendant's train approaching but was unable to see which track it was coming on, so he attempted to get the plaintiff, Mr. Kohl, out of the back seat. Mr. Randecker testified that he got out of the car, pushed the back of the front seat forward, it being a two-door automobile, and tried to arouse Mr. Kohl by shaking and even slapping his face, but he was unable to awaken him. By now the train was almost upon the automobile and Randecker ran for help toward the Carnegie police station, which is about 50 feet south of the crossing. Before he reached the police station, defendant's train, which was traveling eastwardly on track number 1, struck the automobile with Mr. Kohl inside. The time which elapsed since Randecker first drove the car onto the tracks and when it was struck by the train was, according to Mr. Randecker, approximately eight minutes. Randecker also testified

that the reason he couldn't wake plaintiff was that Kohl was drunk.

The issue raised by this case may be stated as follows: Is a plaintiff who is asleep and/or intoxicated, and a guest passenger in the back seat of an automobile which is driven onto a railroad crossing by a third party and which is struck by a train, guilty of contributory negligence as a matter of law because he is unable to leave the car and run to safety? After a most careful consideration of the entire record, briefs and oral arguments, we are of the opinion that the nonsuit as to both defendants must be removed. The issue of plaintiff's contributory negligence should have been submitted to the jury.

In Bright v. Stettenbauer, 339 Pa. 545, the Supreme Court commenting on the lower court's failure to charge the jury that intoxication tends to negligence pointed out at page 547:

". . . He should have informed the jury that, if intoxication were proved to exist, then it should determine whether such an intoxicated person did act as a reasonably prudent person under the circumstances. 'Intoxication, if it were a fact, would not prevent recovery but its importance would lie in strengthening the probability that the plaintiff did not use his faculties as a reasonably prudent person would use them under the circumstances.'" [Quoting from Zenuk v. Johnson, 114 Conn. 383, 388, 158 Atl. 910, 911.]

It is well settled in Pennsylvania that evidence that a guest in an automobile was asleep during its operation is not of itself sufficient to support a finding of contributory negligence, but such evidence is for the jury where there is other evidence to show that under the circumstances attendant upon the operation of the automobile, an ordinarily prudent man would not have permitted himself to fall asleep and entrust his

safety solely to the driver: Frank v. Markley, 315 Pa. 257; Lobert v. Pack, 337 Pa. 103. "The weight of all the authorities seems to be that the guest is responsible for inaction only when he knows of a danger, or where the evidence is such that, from the nature of the situation itself, it appears that he must have realized its peril": Kilpatrick v. Philadelphia Rapid Transit Co., 290 Pa. 288, 298.

Defendant cites the case of McMichael v. Pennsylvania Railroad Company, 331 Pa. 584. In that case, plaintiff sat down on the railroad tracks and drank whiskey. After a while, plaintiff noticed defendant's train approaching and when it was almost upon him, he tried to get up and could not. He sought recovery for loss of the use of his arm when struck by the train while he was upon the tracks in a "helpless condition." The court said it appears from the testimony that plaintiff's "helpless condition" was due to the fact that he was intoxicated and entered a nonsuit. The Supreme Court affirmed the nonsuit and stated, at page 586:

"In view of the plaintiff's admitted condition of intoxication at the time he was struck, it is clear that his own contributory negligence bars his right of recovery. Voluntary intoxication does not justify a failure to exercise due care. . . ."

The McMichael case, however, is very distinguishable from the case now before us. In the McMichael case, plaintiff deliberately placed himself in a position of danger. Both in the McMichael case and Mooney v. Pennsylvania Railroad Company, 203 Pa. 222, which is relied upon by the court in the McMichael case, there was no evidence of negligence upon the part of defendant railroad. However, in the case before us, the credibility of Mr. Randecker's testimony was a matter for the jury's consideration. His testimony concerning defendant's employe lowering the gate be-

hind his automobile and then directing him to drive his car onto the set of tracks the train was approaching on, if believed, would justify the jury in finding defendant negligent. This was a matter properly left to the jury's consideration.

For the reasons stated herein, the compulsory nonsuit granted to defendant and additional defendant will be removed.

### Order

And now, January 20, 1960, the motion filed ex parte plaintiff Paul K. Kohl to take off the compulsory nonsuit is granted, and the judgment of compulsory nonsuit is hereby stricken.