## Fine v. Hoffman-La Roche, Inc.

*Bernstein & Bernstein*, for plaintiff.

*Ralph S. Croskey*, for defendant.

GRIFFITHS, J., February 11, 1960.—The wife plaintiff claims injuries including jaundice, hepatitis and permanent liver damage as a result of her taking a tranquilizing drug, "Marsilid", manufactured by defendant. The medication was taken by direction of her physician in dosages recommended by defendant. It is claimed that defendant recommended a dosage which was dangerous.

Plaintiffs propounded the following interrogatory to defendant:

"1. Did your company have notice prior to October 1, 1957, of any cases in which jaundice, hepatitis or other related illness was claimed to have occurred in persons receiving Marsilid?

"If so, state

"(a)  the number of such cases;

"(b)  the date that such notice was received in each case;

"(c) the nature of the illness alleged;

"(d) the name and address of the person giving such notice in each case;

"(e) the name and address of each person claiming to have been so affected."

Defendant has answered the said interrogatory in part by stating that it did receive notice prior to October 1, 1957, the time plaintiff began use of the medicine, of cases in which jaundice, hepatitis or other related illnesses was claimed to have occurred in persons receiving Marsilid. Defendant objects to answering the balance of the interrogatory on the ground that such answer would not be relevant to the action and would not substantially aid plaintiffs in the preparation or trial of their case, pursuant to the requirement of Pa. R. C. P. 4007.

The negligence averred is the following:

"Defendant was negligent in the manufacture, promotion and sale of the drug Marsilid so taken by plaintiff Gloria Fine in that it represented the same as being safe for use in accordance with defendant's recommended dosage, whereas in fact the drug was potentially dangerous and harmful even when so used; further, in failing to warn plaintiff's physician and members of the medical and pharmaceutical professions that serious organic and functional disturbances and endangerment of the life of the user might ensue from use of the drug even in accordance with defendant's recommendations; in failing properly to label the drug as to its dangerous character and as to its safe dosage; in negligently compounding and manufacturing the drug by incorporating therein ingredients extremely dangerous to the human body; and by failing adequately and properly to test said drug as to its fitness for human consumption before offering and selling the same for use by plaintiff Gloria Fine and by members of the public generally."

Defendant contends that this inquiry of plaintiff requires an expression of opinion that a given drug caused the stated ailments in others, and that opinions as to causes of injuries are not competent interrogatories in discovery proceedings. With defendant's statement of the law we have no disagreement, but this contention assumes such inquiry is asking the cause of certain identical ailments in others. Such is not the case. The basis of the inquiry is whether other persons who *in fact* took this drug were *in fact* affected in a similar way. This gist of the action is the effect of this drug on the human system. The fact that the same result recurs frequently when this drug is administered is evidentiary that the same cause produces it.

In Fisher v. Pomeroy's, Inc., 322 Pa. 389, 391 (1936), it was held competent to show that other persons, as well as plaintiff, caught their heel in a defective step, on the theory that such evidence showed a condition capable of causing injury and that defendant knew of it. Applying this theory to the case at bar it can be said with equal cogency that by such similar tendency in others known to defendant prior to the sale to plaintiff, there is shown a condition, the manufacture and distribution of a substance, capable of causing injury *and that defendant knew of such*. It has been held that the tendency of a particular substance may be indicated by the symptoms or effects in other like situations on animals or human beings, and the reactions of a particular individual to a particular substance may be shown: Hadley v. Baltimore and O. R. Co., 120 F. 2d 993, 995 (C. A. 3rd Cir. 1941).

The case of Bradley v. Philadelphia Transportation Company, 87 D. & C. 548 (1954), cited by defendant would tend to be contrary to defendant's position for there the court allowed interrogatories "to the extent of requiring defendant to state the names and addresses of other persons, if any, who have claimed in-

juries from the alleged sudden stop of the subway train because of which plaintiff is here bringing suit." In the case at bar an inquiry as to other persons allegedly injured as a result of use of the same drug seems to us to fall within the category of the same common factual cause.

Accordingly, the objection is overruled and defendant is directed to answer the interrogatory within 15 days from the date hereof.